[No. 4632.]

THE OVERLAND COTTON MILL COMPANY ET AL.
v. THE PEOPLE.

1. **Judgments—Conviction for Crime—Death of Defendant—Abatement.**

A judgment against a person upon a conviction for crime is abated by the death of the person convicted, and cannot be enforced against his representatives.

2. **Practice in Criminal Cases—Informations—Affidavits—Personal Knowledge of Affiant.**

Whether or not an affidavit to support an information states the facts required by the statute must be determined by the affidavit itself. Its statements cannot be contradicted by extraneous evidence. And where the affidavit alleges that the affiant has personal knowledge of the commission of the offense, this fact cannot be contradicted by outside testimony.

**3. Corporations—Persons—Penal Statutes.**

In a penal statute intended to inhibit an act, the word "person" prima facie means "person in law," and includes corporations if they are within the spirit and purpose of the statute.

**4. Same—Employment of Children.**

Section 413 Mills' Ann. Stats., prohibiting the employment of children under the age of fourteen years in mills and factories, and providing a penalty therefor, applies to corporations as well as to natural persons, and the fact that the statute provides for imprisonment if the fine imposed is not paid does not exempt a corporation from the penalty, but the fine may be collected by means provided for the collection of money judgments.

**5. Same—Principal and Agent.**

Where a corporation, through its agent having a general authority to hire and discharge employees, employed a child under the age of fourteen years to work in a cotton mill, the corporation is guilty and subject to the penalty therefor, notwithstanding instructions had been given by the company to such agent not to employ children under that age.

**6. Corporations—Employment of Children—Principal and Agent —Evidence.**

In a prosecution against the agent of a corporation for employing a child under the age of fourteen years to work in a cotton mill, where the evidence shows that a child under age was employed in the mill, that defendant was the assistant superintendent with authority to hire and discharge employees and was engaged at the mill so that by reason of his relationship to the company he knew, or by the exercise of due diligence should have known, that a child under the prohibited age was in the employ of the company, it is sufficient to sustain a conviction of such agent.

**7. Corporations—Principal and Agent—Liability of Agent.**

An officer of a corporation through whose act the corporation commits an offense against the laws of the state, is himself also guilty of the same offense.

*Error to the County Court for the City and County of Denver.*

Mr. THOS. H. HOOD, for plaintiffs in error.

Mr. N. C. MILLER, attorney general, and Mr. I. B. MELVILLE, for the people.

CHIEF JUSTICE GABBERT delivered the opinion of the court.

Each of plaintiffs in error was found guilty of violating the provisions of section 413, 1 Mills' Ann. Stats. This section provides, in substance, that any person who shall hire and employ a child under fourteen years of age in any mill or factory, shall be guilty of a misdemeanor. The affidavit supporting the information charged that The Overland Cotton Mill Company, John L. Jerome, as its treasurer, and Dean Sutcliffe, as its superintendent, had violated this statute by employing a boy under fourteen years of age in the mill belonging to the company.

Since the cause was brought here, plaintiff in error, Jerome, has died. The purpose of enforcing a penal statute is to punish the person found guilty of violating its provisions. The representatives of deceased are not responsible for the alleged violation of the statute by him during his lifetime. They cannot be required to satisfy the judgment rendered against him. It is only the person adjudged guilty who can be punished, and a judgment cannot be enforced when the only subject-matter upon which it can operate has ceased to exist. As to the deceased, the proceedings are abated by operation of law. —O'Sullivan v. People, 144 Ill. 604; Town of Carrollton v. Rhomberg, 78 Mo. 547; March v. The State, 5 Texas App. 450; Herrington v. The State, 53 Ga. 552; U. S. v. DeGoer, 38 Fed. 80; Schreiber v. Sharpless, 110 U. S. 76.

During the progress of the trial it developed from the testimony that the party who made the affidavit supporting the information did not have personal knowledge that the defendants had committed the offense charged. Thereupon they moved to quash the information. This motion was denied. There was no error in this ruling. Whether or not an affi-

davit to support an information states the facts required by the statute, must be determined from the affidavit itself. Its statements cannot be attacked by extraneous evidence, or upon the ground that the testimony may disclose that the party who verified it did not have the knowledge relative to the offense charged which the statute requires.—*Bergdahl v. The People,* 27 Colo. 302; *Holt v. The People,* 23 Colo. 1.

The Overland Cotton Mill Company is a corporation organized under the laws of this state, and it is argued that, because the statute only says that "any person" who shall employ children under the age of fourteen years in any mill or factory shall be deemed guilty of violating its provisions, that, therefore, a corporation, in its capacity as such, cannot be reached in a prosecution of this character. In other words, because the statute does not specify corporations, that they are exempted from the statutory provision on the subject of the employment of children under the age of fourteen years. In support of this contention, attention is directed to the provision that the officer to whom a warrant is issued against the person charged with violating the statute shall bring that person into court, and that such person, if found guilty, shall be committed to jail if the fine imposed is not paid; that other provisions in the chapter relating to children in which the section under consideration appears, expressly include corporations; that a corporation cannot be imprisoned, and that the act can be amply enforced by proceeding against the employees of corporations who violate it. These matters may be taken into consideration in ascertaining whether or not corporations are included, but they are not conclusive, nor do they furnish the true test in determining whether or not the word "person," as employed in the statute, embraces a corporation. In the earlier cases, and before corporations

had become such important factors in industrial affairs, it was held that as statutes imposing a penalty were to be strictly construed, they did not apply to corporations, unless they included them in express terms or by clear implication. This view is no longer entertained by the modern decisions, either in England or this country, for various reasons, among which may be noticed that it ignored the principle that statutes are to be applied to corporations, when they can be, the same as to natural persons; that so far as their nature will permit, they are amenable to the laws of the land the same as individuals; and that to exempt them from the operation of a statute would result in conferring upon them rights which natural persons were not permitted to enjoy.—10 Cyc. 1208. *Prima facie*, the word "person," in a penal statute which is intended to inhibit an act, means "person in law"; that is, an artificial, as well as a natural, person, and therefore includes corporations, if they are within the spirit and purpose of the statute.—*The Pharmaceutical Assn. v. The London & P. S. A., Limited*, 5 Appeal Cases (Law Reports) 857; 7 Enc. of Law (2 ed.) 841; 1 Clark & Marshall's Private Corp., § 252; Bishop's Stat. Crimes (3 ed.) § 212; *Stewart v. The Waterloo Turn Verein*, 71 Iowa 226.

Whether corporations are included within the statute, depends largely upon its object.—*Pharmaceutical Assn. v. London & P. S. A., Limited, supra.* The purpose of the statute, as indicated by its title, was to prohibit the employment of children under fourteen years of age in certain kinds of work. It is common knowledge that the places which, by the statute, children under the age of fourteen years are inhibited from working in, are operated largely by corporations. Whether such places were operated by individuals or corporations could make no difference with respect to the employment, for it would be just

as detrimental to the child in one instance as in the other. If corporations are exempted from the act, then the purpose of the legislature, in inhibiting the employment of children under a certain age in certain kinds of work, would not be accomplished. Corporations, therefore, are clearly within the spirit and purpose of the statute, because its ultimate object was to prevent children under a given age from being employed in specified work.

That the statute provides for imprisonment if the fine imposed is not paid, is not an objection which a corporation can urge against its enforcement. True, the corporation cannot be imprisoned, but the fine can be collected through the means provided for the collection of money judgments.—*Commonwealth v. Pulaski Agr. Assn.*, 92 Ky. 197.

It is next urged that, because instructions were issued to the subordinate officers of the company not ·to employ children under the age of fourteen years, that the corporation is not liable for the violation of the statute by its employees. A corporation can only act through its agents. Their acts, within the scope of their authority, are the acts of the corporation. The official who employed, or is responsible for the employment of, the child on account of whom the prosecution was commenced, had general authority to engage employees. It is immaterial that he may have been instructed not to employ children under the age of fourteen years, for, by engaging the boy under a general authority with respect to hiring employees, he became the employee of the company, and the latter is not relieved from the consequences of this act merely because its duly authorized agent may have disobeyed specific instructions. In short, a corporation is responsible for the acts of its servants of the character under consideration, when done within the scope of their general authority, although forbidden

by the corporation.—*State v. Railroad,* 91 Tenn. 445; *Ry. Co. v. Ryan,* 56 Ark. 245; 2 Wood's Railway Law, § 337.

On behalf of the defendant, Dean Sutcliffe, it is contended that the evidence was not sufficient to justify his conviction. An agent of a corporation is presumed to have that knowledge of its affairs particularly under his control and management which, by the exercise of due diligence, he would have ascertained.—21 Enc. of Law 896; *People v. McClure,* 27 Colo. 358. A Mr. Cumnock was the general superintendent in charge of the mill. He had charge of the hiring of employees. Mr. Sutcliffe was the assistant superintendent, acting for and under the authority of Mr. Cumnock. He was engaged at the mill, and in the performance of his duties had the authority to hire and discharge employees. It thus appears from the testimony that, by reason of his relationship to the company, and the performance of his duties, that he either knew, or, by the exercise of due diligence upon his part, should have known, that a minor under the prohibited age was in the employ of the company. For this reason, he must be held as having violated the statute, for it was within his power, by virtue of the relationship he bore to the company, to have prevented the employment. An officer of a corporation, through whose act the corporation commits an offense against the laws of the state, is himself also guilty of the same offense.—*The People v. White Lead Works,* 82 Mich. 471.

In conclusion, it is but just to remark that the record clearly shows there was no wilful violation of the law. On the contrary, it appears that Mr. Jerome was solicitous that it should be observed. He had frequently instructed those charged with the duty of engaging employees to strictly observe its provisions. His duties did not require his presence at the mill but

occasionally. He had nothing to do with the hiring of employees. He had no knowledge that the boy was in the employ of the company. He certainly did all as an individual, or as an official of the company, to prevent the law from being violated which could be required of him, and had his wishes and desires been carried out, the law would have been strictly observed. The boy had worked less than two months in the mill. The family of which he was a member had only recently moved to the state. They were in poor circumstances. The mother also worked in the mill, and the father contributed nothing to the support of his family, who appear to have been dependent upon their labor for a livelihood. These conditions may have influenced Mr. Sutcliffe in permitting the boy to have employment. At most, his offense consisted of not strictly observing the law, rather than an intentional disregard of its provisions. On the whole, the case presented appears to have been one where the observance of the law could have been readily secured without resort to a prosecution. It is a benign one, but of a character where the circumstances may be such that discretion in resorting to a prosecution for its violation in the first instance can well be exercised, or, in case of conviction, judicial clemency extended, without in the least detracting from its efficiency. These considerations, however, are not sufficient to either excuse the corporation or Mr. Sutcliffe, and, as to them, the judgment of the county court will stand affirmed. As to the deceased, the judgment is abated.