No. 16,462.

Crowley, Administrator v. The People.
(223 P. [2d] 387)

Decided October 9, 1950.

Mr. Norman E. Cobb, for plaintiff in error.

Mr. John W. Metzger, Attorney General, Mr. Allen Moore, Deputy, Mr. Donald McKinlay, Assistant, for the people.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

On the 8th day of December, 1949, an information was filed in a justice of the peace court in Arapahoe county, Colorado, in which one James A. Rulla was named defendant. The charge contained in said information was that, defendant, on or about December 6, 1949, did "unlawfully torture, torment, unnecessarily and cruelly beat, needlessly mutilate and kill one dog, the property of Lila Rulla." December 9, 1949, defendant Rulla was found guilty by said justice of the peace and sentenced to imprisonment in the county jail for one year and assessed a fine of $225.00 plus costs.

On the day following the entry of judgment and sentence an appeal bond was filed by defendant, as required by statute, and he was released from custody. On the day following his release, said James A. Rulla was found dead in an automobile. On December 14, 1949, the attorney for the said Rulla, whose services had been secured to perfect an appeal, docketed the cause in the county court and filed his motion to dismiss the action, setting forth the above judgment of the justice of the peace and alleging that an appeal was prosecuted from said judgment by the filing of a bond which was approved by the said justice of the peace. In the motion to dismiss, the fact of the death of defendant was set out, followed by a prayer that the cause be dismissed. The county court denied this motion and directed the issuance of a writ of procedendo.

Plaintiff in error is the administrator of the es-

tate of the said James A. Rulla, and, having been authorized and directed so to do by the probate court in which settlement of the estate of Rulla was pending, seeks reversal of the judgment.

The Attorney General agrees with plaintiff in error that the county court erred in not granting the motion to dismiss. The law applicable to the admitted facts was stated by our court in *Overland Cotton Mill Co. v. People,* 32 Colo. 263, 75 Pac. 924, as follows: "Since the cause was brought here, plaintiff in error, Jerome, has died. The purpose of enforcing a penal statute is to punish the person found guilty of violating its provisions. The representatives of deceased are not responsible for the alleged violation of the statute by him during his lifetime. They cannot be required to satisfy the judgment rendered against him. It is only the person adjudged guilty who can be punished, and a judgment cannot be enforced when the only subject-matter upon which it can operate has ceased to exist. As to the deceased, the proceedings are abated by operation of law."

The Overland Cotton Mill Company case was cited with approval in *United States v. Mitchell,* 163 Fed. 1014 (affirmed 199 U.S. 616, 26 Sup. Ct. 752, 50 L. Ed. 335). The federal court, among other things, said, "If the accused should die before the punishment was in reality enforced or inflicted, he could not be pecuniarily mulcted or punished in person after he had ceased to exist. * * * by the death of Senator Mitchell, the cause abated entirely, so that no enforcement of the payment of the fine imposed can be made out of his estate."

It follows, therefore, that in the instant case the death of the defendant James A. Rulla, following the perfection of his appeal to the county court from the judgment of the justice of the peace, put an end to an infliction or enforcement of the punishment imposed by the justice of the peace.

The judgment is reversed.

MR. JUSTICE HAYS not participating.