THE STATE OF OHIO, APPELLEE, *v.* BLAKE, APPELLANT.

[Cite as State v. Blake (1977), 53 Ohio App. 2d 101 ]

102

(No. 36257—Decided August 18, 1977.)

*Mr. John T. Corrigan*, for appellee.
*Mr. William F. Snyder*, for appellant.

CORRIGAN, J. The appellant was convicted, as president of Brookside Auto Parts, Inc., pursuant to R. C. 2901.24, of five counts of receiving stolen property, R. C. 2913.51. The appellant was sentenced on December 23, 1975. A notice of appeal and briefs were timely filed. On April 27, 1977, prior to the hearing on the merits, appellant died of natural causes. On May 11, 1977, a motion was filed by the wife of the deceased appellant, stating that her application for appointment as executrix was pending and requesting that she be substituted as a party defendant in this case.

The death of a defendant pending an appeal of a criminal conviction presents this court with two basic questions. First, what is the status of the action in the appellate court? Second, what is the status of the proceedings already had in the lower court?

An analysis of the problem presented in this appeal requires a thorough review of the existing law in this area. The Ohio Supreme Court addressed a similar problem in *Makley* v. *State* (1934), 128 Ohio St. 571. The Supreme Court dismissed the appeal in a first degree murder case as moot when, after having heard arguments on a petition in error filed as of right, it was brought to the attention of the court that the appellant was deceased. The sole authority cited by the court in *Makley, supra*, was a decision in a civil case setting forth the applicability of the mootness doctrine and adopting the following language of the Supreme Court:

"In *Mills* v. *Green*, 159 U. S. 651, 653, Mr. Justice Gray says: 'The duty of this court, as of every other judicial tri-

bunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. It necessarily follows that when, pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal. And such a fact, when not appearing on the record, may be proved by extrinsic evidence.' " *Miner* v. *Witt* (1910), 82 Ohio St. 237, 238.

A clearer understanding of the propriety of refusing to reach the merits of the appeal may be gained by examining each of the consequences of a criminal conviction. The primary result of a criminal conviction is its penal impact. A collateral and secondary impact of the conviction is the imposition of costs pursuant to R. C. 2947.23 and 2949.09.

The penal consequences of a criminal conviction cease upon the death of the defendant. Obviously, any sentence of imprisonment which may have been imposed as a result of the conviction cannot be enforced once the defendant dies. A fine, whether coupled with incarceration or imposed alone, is merely a different method of levying a punishment against the defendant. A fine, although monetary in nature, is inextricably linked to the penalty which is imposed against the person of the defendant. Once this link is broken by death, there is no person against whom the fine may be imposed. When a fine is imposed upon the conviction of a defendant and that defendant dies prior to the collection of the fine, and before there has been a levy against property of the defendant, the fine cannot be collected from the estate of the defendant. *State* v. *Keifer* (1913), 16 N. P. (N. S.) 41, 24 O. D. 321 (affirmed by the Court of Appeals without opinion).

The death of the defendant from natural causes in this case was an event which occurred without fault. The death prevented a judgment on the merits of this appeal as of right from which effectual relief could be granted.

This court could neither enforce nor relieve the appellant from the penal consequences of his conviction. Furthermore, the state would be unable to retry the defendant if the case were reversed on appeal. A court will generally choose not to retain jurisdiction of a case when the only issue remaining is an incidental matter such as costs. *Wagner* v. *Boggess Coal & Supply Co.* (1950), 57 Ohio Law Abs. 270. Since this court will not render an opinion which is merely advisory, and since the death of the appellant disposes of all penal consequences of the conviction, it would be inappropriate to render a decision on the merits of this appeal.

The second issue, that is the status of the lower court decision, presents a more difficult question. This issue was specifically addressed by the Court of Appeals for Summit County in *State.* v. *Sholiton* (1954), 70 Ohio Law Abs. 385. The court held the appeal to be moot and stated:

''We are of the opinion that the dismissal of an appeal, because of the death of the defendant during the pendency thereof, leaves the judgment as it was before the appeal proceeding was instituted.'' *Id.,* at 387.

Indiana is the only other jurisdiction which treats the problem of the death of a defendant while a direct appeal is pending, by dismissing the appeal as moot and apparently permitting the lower court decision to stand. In *Neville* v. *State* (1962), 243 Ind. 28, 181 N. E. 2d 138, the Indiana Supreme Court found the appeal to be moot since the fine and imprisonment could not be enforced if the conviction were upheld, and since the state could not obtain a retrial if the case were reversed. See, also, *Raymond* v. *State* (1965), 246 Ind. 422, 206 N. E. 2d 139.

The application of the mootness doctrine to the direct appeal while permitting the lower court decision to stand is contrary to the overwhelming weight of authority in the other jurisdictions which have addressed the issue. The majority rule, and the one which we now choose to follow,[1]

---

[1] We note the apparent conflict with the unreported decision of this court in *State* v. *Darves*, No. 32620, decided August 1, 1974. We reject the reasoning therein in favor of the majority rule.

holds that upon the death of the defendant pending appeal, the criminal prosecution, from the indictment forward, abates *ab initio*.[2] See generally, annotation, 83 A. L. R. 2d 864; annotation, 9 A. L. R. 3d 462, 496; 24A Corpus Juris Secundum 2, 3, Criminal Law, Section 1702; 21 American Jurisprudence 2d 559, Criminal Law, Section 608.

The effect of a total abatement was articulated by the court in *Bagley* v. *State* (Fla. App. 1960), 122 So. 2d 789, at 791:

"The obliterative effect of abatement *ab initio* necessarily leaves undetermined the question of the appellant's guilt. For whatever comfort or benefit derivable

[2] *Federal: Durham* v. *United States* (1971), 401 U. S. 481; *but see Dove* v. *United States* (1976), 423 U. S. 325.

*Alaska: Hartwell* v. *State* (Alaska 1967), 423 P. 2d 282.

*California: People* v. *Dail* (1943), 22 Cal. 2d 642, 140 P. 2d 828.

*Colorado: Crowley* v. *People* (1950), 122 Colo. 466, 223 P. 2d 387,

*Florida: Bagley* v. *State* (Fla. App. 1960), 122 So. 2d 789.

*Hawaii: State* v. *Gomes* (1976), 57 Haw. 271, 554 P. 2d 235.

*Idaho: State* v. *Stotter* (1946), 67 Idaho 210, 175 P. 2d 402.

*Iowa: State* v. *Bradley* (1940), 229 Iowa 92, 293 N. W. 858.

*Louisiana: State* v. *Morris* (1976), —— La. ——, 328 So. 2d 65.

*Maine: State* v. *Carter* (Me. 1973), 299 A. 2d 891.

*Massachusetts: Commonwealth* v. *Eisen* (1975), —— Mass. ——, 334 N. E. 2d 14.

*Michigan: People* v. *Elauim* (1975), 393 Mich. 601, 227 N. W. 2d 553.

*Missouri: City of Clayton* v. *Sigoloff* (Mo. App. 1970), 452 S. W. 2d 315.

*Montana: State* v. *Lawrence* (1949), 122 Mont. 277, 201 P. 2d 756.

*Nebraska: State* v. *Campbell* (1972), 187 Neb. 719, 193 N. W. 2d 571.

*New Mexico: State* v. *Crump* (1918), 24 N. M. 331, 171 P. 502.

*New York: People* v. *Mintz* (1967), 20 N. Y. 2d 753, 283 N. Y. S. 2d 120.

*Oklahoma: Wilkerson* v. *State* (1950), 91 Okla. Crim. 194, 217 P. 2d 843.

*Oregon: State* v. *Hurst* (1935), 149 Ore. 519, 41 P. 2d 1079.

*Rhode Island: State* v. *Marzilli* (1973), 111 R. I. 392, 303 A. 2d 367.

*Tennessee: Carver* v. *State* (1966), 217 Tenn. 482, 398 S. W. 2d 719.

*Texas: March* v. *State* (1878), 5 Tex. Ct. App. 450; *but see Kelly* v. *State* (1902), 66 S. W. 774.

*Washington: State* v. *Furth* (1914), 82 Wash. 665, 144 P. 907.

*Wyoming: State* v. *Free* (1927), 37 Wyo. 188, 260 P. 173.

therefrom, the legal presumption of innocence of the crime with which [deceased] * * * was charged abates now in no less degree than before the criminal proceedings were instituted. Jurisdiction to determine the issue of guilt or innocence is now assumed by the ultimate arbiter of human affairs. The decision we undertook to render is a nullity."

The death of the appellant in this case has precluded the review on appeal of any alleged errors in the lower court case. The difficult questions with which courts must grapple in deciding whether to permit a conviction to stand under these circumstances centers upon whether the state still maintains any interest in the preservation of the judgment of the lower court, when the right of a direct appeal has been precluded without fault. The United States Supreme Court recently reviewed the manner in which the issue had been resolved in the federal jurisdiction and found, "* * * that the lower federal courts were unanimous on the rule to be applied; death pending direct review of a criminal conviction abates not only the appeal but also all proceedings had in the prosecution from its inception." *Durham* v. *United States* (1971), 401 U. S. 481 at 483.

In *Durham, supra,* the petitioner's conviction had been affirmed by the Ninth Circuit Court of Appeals and a rehearing had been denied. A petition for a *writ of certiorari* had been filed, but had not been ruled upon at the time of death. The majority in *Durham, supra,* chose not to draw a distinction between a pending *writ of certiorari* and direct review on appeal. Five years later, in *Dove* v. *United States* (1976), 423 U. S. 325, the court in a per curiam opinion reversed itself and dismissed a case when a petitioner died prior to the taking of any action by the court on the petition for a *writ of certiorari*. There is little doubt, however, that the majority position on abatement will still be followed in the federal jurisdiction when the death of an accused occurs after perfecting an appeal as of right, but prior to a decision on the merits of that appeal.[3]

---

[3]At the time the Ohio Supreme Court decided *Makley, supra,* only nine state jurisdictions recognized the abatement rule. Since that time

The adoption of the abatement rule works little substantive change in Ohio law since the penal consequences of a conviction have been foreclosed by death. Society certainly has an interest in enforcing its penal code; however, once an individual accused of committing a crime has died, the interest of the state dissipates.

"The purpose of enforcing a penal statute is to punish the person found guilty of violating its provisions. The representatives of the deceased are not responsible for the alleged violation of the statute by him during his lifetime. They cannot be required to satisfy the judgment rendered against him. It is only the person adjudged guilty who can be punished, and a judgment cannot be enforced when the only subject-matter upon which it can operate has ceased to exist." *Overland Cotton Mills Co.* v. *People* (1904), 32 Colo. 263, 265, 75 P. 924, 925.

Once the defendant is deceased, the state no longer has an interest in punishing an accused lawbreaker. Furthermore, as stated by the Alaska Supreme Court,

"The underlying principles of penal administration in Alaska are reformation and protection of the public. The removal of appellant by death has prevented the execution of any sentence adhering to these principles." *Hartwell* v. *State* (Alaska 1967), 423 P. 2d 282 at 284.

Since the state cannot assert any substantial penal interest in maintaining the conviction of the lower court, and since the opportunity to review the merits of that conviction on an appeal as of right has been foreclosed by death, this court holds that the entire criminal proceeding abates *ab initio*. A few courts have justified reaching the merits of a criminal appeal after the defendant has died. These jurisdictions have looked to the interests of the decedent's estate or other individuals who were not parties to the original criminal case, to justify a review on the merits.[4]

fifteen additional states have adopted the rule. Although *Makley* held an appeal as of right to the Ohio Supreme Court to be moot, the conviction had already been reviewed and affirmed by the Court of Appeals for Allen County. In the instant case, there has been no opportunity for any appellate tribunal to consider the alleged errors of law.

[4]See *State* v. *Jones* (1976), 220 Kan. 136, 551 P. 2d 801. *Common-*

This court is of the opinion that there are adequate civil avenues open for the settlement of whatever collateral issues may arise as a result of the abatement of the criminal case.

Although not every jurisdiction has spoken to each facet of the impact of abatement, we are persuaded that the better rule is to abate all proceedings, the judgment of conviction, the fine and the costs.[5] *State* v. *Doak* (1976), 89 N. M. 532, 554 P. 2d 99.

"To 'abate' is to render nonexistent. To say that the action was abated only in part, and resolved in part, would be contradictory to the very cause of abatement. Death withdrew the defendant from the jurisdiction of the court. It left no apportionment of jurisdiction. The criminal action must therefore be deemed abated in toto or not at all." *State* v. *Kriechbaum* (1934), 219 Iowa 457, at 465, 258 N. W. 110 at 113.

The total abatement of all proceedings, including the the liability for costs, extinguishes the interest of the survivors in having the appeal decided on the merits. See *Commonwealth* v. *Eisen, supra.* The motion by the wife of the deceased requesting that she be substituted as a party defendant is overruled. This court finds that the action is abated by the death of the defendant appellant, and the case is remanded to the trial court for a vacation of the judgment of conviction and for the dismissal of the indictment.

*Judgment accordingly.*

Day, C. J., and Krenzler, J., concur.

wealth v. *Walker*, (1972), 447 Pa. 146, 148 (Fn.), 288 A. 2d 741, 742. *City of Newark* v. *Pulverman* (1953), 12 N. J. 105, 95 A. 2d 889.

[5] While we express no opinion as to the wisdom of the general rule that the unpaid costs of a criminal prosecution may be collectible against the estate of the defendant, we do specifically find that rule inapplicable to situations such as the case at bar, where the defendant has died pending direct appeal. *Cf. Wetzel* v. *Ohio* (1962), 371 U. S. 62, Justice Douglas concurring, at 63.