(No. 50170.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. FRANK E. MAZZONE *et al.*, Appellants.

*Opinion filed December 4, 1978.*

L. Robert Artoe, of Chicago, for appellants.

William J. Scott, Attorney General, of Springfield, and Edward Petka, State's Attorney, of Joliet (Donald B. Mackay and Melbourne A. Noel, Jr., Assistant Attorneys General, of Chicago, and Steven Teplinsky, Assistant State's Attorney, of counsel), for the People.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Defendants, Frank E. Mazzone and Lockport Theatre Corporation, were found guilty of obscenity in violation of section 11—20 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 11—20) after a jury trial in the circuit court of Will County. The trial court entered judgment and assessed a $500 fine against Mazzone and $1,000 fine against the Lockport Theatre Corporation in November 1975. The appellate court, in a 2-to-1 decision, affirmed in October 1977. (52 Ill. App. 3d 859.) We granted defendants' petition for leave to appeal under Rule 315 (65 Ill. 2d R. 315) in January 1978. The case was argued orally before this court on June 26, 1978.

The State filed a motion to abate the appeal on July 26, 1978, due to the death of Mazzone and the involuntary dissolution of the Lockport Theatre Corporation. Documents filed in support of and in opposition to the motion indicate that the corporate defendant was dissolved in December 1976, prior to the decision in the appellate court but after the appeal was filed. Mazzone

died in April 1978 after the petition for leave to appeal was allowed by this court but before the State filed its briefs and before oral argument. Robert Artoe, attorney for defendants, was aware of Mazzone's death when it occurred in April 1978 but did not bring the matter to the attention of this court during oral argument on June 26, 1978. Artoe says he brought the matter to the attention of the State's Attorney and Attorney General; however, the Attorney General states he was not aware of the death or dissolution until July 25, 1978. Artoe states he was unaware of the dissolution of the corporation. It appears also that Artoe proceeded with the appeal contrary to the instructions of the attorney for the executor of Mazzone's estate to dismiss the appeal.

Because of the above facts, the threshold issue now before us is whether the death of Mazzone and the involuntary dissolution of the Lockport Theatre Corporation abate the appeal and, if so, whether all the proceedings abate *ab initio*. The State moved to abate the appeal but argues that the conviction and appellate court judgment should stand. Counsel for defendants contend that all proceedings abate. We shall first address the issues as they relate to Mazzone.

In *O'Sullivan v. People* (1892), 144 Ill. 604, this court refused to enter a judgment on a pending writ of error after the death of the defendant. At issue was a conviction for murder and a prison term imposed on the defendant. The rationale employed in reaching that result, however, applies equally to the fines imposed as punishment on the individual defendant here. This court stated that the purpose of criminal prosecutions is to punish the defendant. Once the defendant has ceased to be, an appeal cannot effectively confer vindication or impose punishment. The court refrained from performing a useless act and refused to consider the appeal. The court noted also that a criminal action is unlike a civil action for damages, whose purpose is to determine a plaintiff's right to recovery. The

People in a criminal prosecution, in contradistinction to the plaintiff in a civil action, acquire no property rights which survive the defendant who is the object of the criminal sanction.

*O'Sullivan* did not address the question whether the appeal alone abates or whether all the proceedings abate *ab initio*. However, the great majority of courts which have considered the question have concluded that the death of a defendant pending an appeal of a fine abates not only the appeal but all the proceedings *ab initio*. (*State v. Stotter* (1946), 67 Idaho 210, 175 P.2d 402; *State v. Bradley* (1940), 229 Iowa 92, 293 N.W. 858; *State v. Blake* (1977), 53 Ohio App. 2d 101, 371 N.E.2d 843; *State v. Clark* (1977), —— S.D. ——, 260 N.W.2d 370; *Crooker v. United States* (8th Cir. 1963), 325 F.2d 318; *United States v. Knetzer* (S.D. Ill. 1954), 117 F. Supp. 917 (citing *O'Sullivan v. People* (1892), 144 Ill. 604); see also Annot., 83 A.L.R.2d 864 (1962), citing older cases.) The rationale is that the fine was imposed by way of punishment of the defendant and upon his death there is no justice in punishing his survivors for his offense. *State v. Stotter* (1946), 67 Idaho 210, 213-14, 175 P.2d 402, 403-04; *State v. Blake* (1977), 53 Ohio App. 2d 101, 371 N.E.2d 843, 845; *Crooker v. United States* (8th Cir. 1963), 325 F.2d 318, 321; *United States v. Knetzer* (S.D. Ill. 1954), 117 F. Supp. 917, 918; see Comment, *Corporate Dissolution and the Anti-Trust Laws,* 21 U. Chi. L. Rev. 480, 485 (1954).

The United States Supreme Court recently has injected some confusion into this area of law. In *Durham v. United States* (1971), 401 U.S. 481, 28 L. Ed. 2d 200, 91 S. Ct. 858, the defendant died after he had filed his petition for writ of *certiorari* but before the Supreme Court had acted on the petition. The court granted the petition, vacated the judgment below and remanded the cause to the district court with directions to dismiss the indictment. Three dissenters would only have dismissed

the petition as moot. Mr. Justice Blackmun, also dissenting, stated without further explanation that the situation of a defendant dying pending a petition for writ of *certiorari* is different from his death pending an appeal as a matter of right and stated he would merely have dismissed the petition for *certiorari.*

In *Dove v. United States* (1976), 423 U.S. 325, 46 L. Ed. 2d 531, 96 S. Ct. 579, the Supreme Court rendered a one-paragraph *per curiam* decision dismissing a petition for writ of *certiorari.* The defendant died before the Supreme Court had taken any action on the petition. The court overruled *Durham* to the extent it is inconsistent with *Dove.* Mr. Justice White dissented without opinion.

In contrast to both *Durham* and *Dove,* this court had already exercised its discretion and allowed the petition for leave to appeal before Mazzone died. Mazzone was given a right to present his appeal to this court; thus the matter is closely analogous to initial appeals as of right, and the reasons justifying abatement *ab initio* there apply equally here. For these reasons we conclude that all the proceedings against Mazzone abate *ab initio.*

We turn now to consider the effect of the involuntary dissolution of the Lockport Theatre Corporation. None of the cases cited involved a corporate defendant; however, the dissolution of a corporation is analogous to the death of an individual. (See *Markus v. Chicago Title & Trust Co.* (1940), 373 Ill. 557, 561.) Upon the dissolution of the corporation, it is no longer able to maintain an action, absent a statutory exception, and all matters pending at the time of the dissolution abate (see *Chicago Title & Trust Co. v. Forty-One Thirty-Six Wilcox Bldg. Corp.* (1937), 302 U.S. 120, 125, 82 L. Ed. 147, 150-51, 58 S. Ct. 125, 127). Section 94 of the Business Corporation Act (Ill. Rev. Stat. 1977, ch. 32, par. 157.94) provides no basis for survival of a criminal prosecution after the dissolution of a corporation, since it speaks in terms of the survival of

remedies, claims, and liabilities, which are words of art in civil litigation, whose language and functions are distinct from criminal prosecutions. Thus the dissolution of the corporation requires the abatement of the pending appeal.

The dissolution of a corporation suggests problems and raises questions not presented by the death of an individual defendant from natural causes. A holding that the dissolution of a corporation pending appeal abates the proceedings *ab initio* leaves room for a corporation to escape the consequences of a criminal fine through voluntary dissolution. (See Comment, *Corporate Dissolution and the Anti-Trust Laws*, 21 U. Chi. L. Rev. 480 (1954); 32 Chi. Kent L. Rev. 321, 325 (1954).) Dissolution is a viable alternative to the payment of fines, since as pointed out by one commentator:

> "Dissolution of a corporation does not ipso facto affect the assets, the controlling group, or the controlling group's control of the assets. Since the control may be exercised through other legal media, corporate dissolution may have little or no significance." Comment, *Corporate Dissolution and the Anti-Trust Laws*, 21 U. Chi. L. Rev. 480, 486 (1954).

In the instant case, Lockport Theatre Corporation was involuntarily dissolved under section 82a of the Business Corporation Act (Ill. Rev. Stat. 1975, ch. 32, par. 157.82a), which requires the Secretary of State to dissolve corporations that fail to file annual reports or pay franchise taxes. Such involuntary dissolution provides a vehicle for abuse similar to voluntary dissolution.

Because of the problems unique to corporations, we hold that the dissolution of the corporation abates the appeal but not all the proceedings *ab initio*. In the instant case both the appeal pending before us and the judgment of the appellate court below are abated since the corporation was dissolved after perfecting its appeal as of right but before the appellate court had rendered a decision on the

merits. The judgment of the trial court against Lockport Theatre Corporation stands. The different nature of corporations as opposed to individuals justifies our different conclusions. *Cf. Lehnhausen v. Lake Shore Auto Parts Co.* (1973), 410 U.S. 356, 35 L. Ed. 2d 351, 93 S. Ct. 1001, upholding article IX-A of the 1870 Illinois Constitution, prohibiting the taxation of personal property by valuation as to individuals, against an attack by a corporation on equal protection grounds, and *Muniz v. Hoffman* (1975), 422 U.S. 454, 477, 45 L. Ed. 2d 319, 335, 95 S. Ct. 2178, 2191, noting in the context of deciding the right to a jury trial in criminal contempt proceedings that what might be considered a serious penalty for an individual may not be considered serious to a large corporation or labor union.

For the reasons stated above, the proceedings abate *ab initio* as to defendant Mazzone, and the appeals alone abate as to Lockport Theatre Corporation. The judgment of the appellate court is accordingly vacated, and the judgment of the circuit court of Will County is affirmed as to Lockport Theatre Corporation and vacated as to Mazzone.

*Appellate court vacated; circuit court affirmed in part and vacated in part.*