The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Stephen Vincent LIPIRA,
Defendant-Appellant.

No. 79CA0242.

Colorado Court of Appeals,
Div. II.

Dec. 11, 1980.

J. D. MacFarlane, Atty. Gen., J. Stephen Phillips, Deputy Atty. Gen., Anthony Marquez, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Mitchell Benedict, III, Denver, for defendant-appellant.

ENOCH, Chief Judge.

This is an appeal by defendant, Stephen Vincent Lipira, of a judgment of conviction of third degree arson.

After the case was scheduled for oral argument, the attorney general advised the Court that since the filing of this appeal, the defendant had died, and therefore moved that the appeal be dismissed. The defendant's attorney has requested, on behalf of defendant's widow, that we proceed with the appeal and rule on the merits of the issues raised.

In a few states the courts, under the circumstances of this case, have ruled that the appeal should proceed to a determination of the issues on their merits. *See, e. g., State v. Jones*, 220 Kan. 136, 551 P.2d 801 (1976); *People v. Columbo*, 24 App.Div.2d 505, 261 N.Y.S.2d 836 (1965). In some states the courts have held that because of the death of the defendant, the issues on appeal have become moot and therefore the appeal should be dismissed. *See, e. g., Neville v. State*, 243 Ind. 28, 181 N.E.2d 638 (1962). In the majority of states, however, where this problem has been addressed, it has been decided that the appellate proceedings and the trial court proceedings should abate *ab initio*. *See, e. g., People v. Mazzone*, 74 Ill.2d 44, 23 Ill.Dec. 76, 383 N.E.2d 947 (1978); *State v. Blake*, 53 Ohio App.2d 101, 371 N.E.2d 843 (1977). *See generally* Annot., 83 A.L.R.2d 864 (1962). Accordingly, those courts have held that there should be no determination of the issues raised on appeal, that the judgment of conviction should be set aside and that the indictment or complaint should be dismissed.

Colorado is in accord with the majority rule. However, under such circumstances as are present here, the Supreme Court has not been definitive in its direction to the trial court as to the final disposition of the case. In *Overland Cotton Mills Co. v. People*, 32 Colo. 263, 75 P. 924 (1904), where one of the defendants died pending appeal, the court held, without indicating whether it was referring to the total proceedings or just the appellate proceedings, that as to that defendant the proceedings were "abated by operation of law" and concluded that as to that defendant "the judgment is abated." In *Crowley v. People*, 122 Colo. 466, 223 P.2d 387 (1950), the court quoted from *Overland, supra*, in holding that the proceedings were "abated by operation of law."

The court also quoted from *United States v. Mitchell*, 163 F. 1014 (C.C.D.Or.1908), that "the cause abated entirely." The court in *Crowley* then reversed the judgment.

■ The term "abate" means to render the entire proceedings a nullity. *Black's Law Dictionary* 15 (rev. 4th ed. 1969). Therefore, we conclude that it was the Supreme Court's intention and we so hold in a criminal case where the defendant has died pending appeal, that there should be no determination of the issues on appeal and that the judgment of conviction should be set aside and the indictment dismissed.

■ Accordingly, the cause is remanded to the trial court with directions to set aside the judgment of conviction and dismiss the indictment.

KELLY and STERNBERG, JJ., concur.