Charles KENNER, Appellant-Defendant,

v.

STATE of Indiana, Appellee-Plaintiff.

No. 4-484 A 102.

Court of Appeals of Indiana,
Fourth District.

Nov. 19, 1984.

J.J. Paul, III, Indianapolis, for appellant-defendant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

Defendant-Appellant Charles Kenner (Kenner) appeals his conviction for disorderly conduct in the Marion Municipal Court. While his appeal was pending, Kenner died. The executrix of Kenner's estate now petitions this court to process this appeal to a decision.

Appeal dismissed.

ISSUES

The sole issue presented by the request of the executrix is whether an appeal may be processed to its conclusion after the death of an appellant in a criminal case.

FACTS

Dr. Kenner drove his automobile past the scene of an accident one afternoon. While passing he appeared to speed up his automobile to merge left, then went around the accident scene. A police officer at the scene chased Dr. Kenner in a police car and stopped him. Following an exchange of words, Dr. Kenner was placed under arrest for disorderly conduct (unreasonable noise)

and unreasonable speed. At trial, a jury found him not guilty of unreasonable speed but guilty of disorderly conduct. Dr. Kenner appealed, but while his appeal was pending he was struck by an automobile while riding his bicycle and was killed.

The executrix petitions this court to process Dr. Kenner's appeal to a decision because the matter involved an important principle to him, he never before had been involved in a criminal proceeding, and he felt his character and reputation were at issue.

## DISCUSSION AND DECISION

 With some regret, we must dismiss this appeal. Absent any question of general public interest, the issues involved in an appeal are rendered moot by the death of the appellant, and the appeal is abated. *Bodle v. Lafayette National Bank,* (1964) 136 Ind.App. 547, 202 N.E.2d 184. Criminal proceedings are abated *ab initio* when a defendant dies while his appeal is pending. *People v. Mazzone, et al.,* (1978) 74 Ill.2d 44, 23 Ill.Dec. 76, 383 N.E.2d 947; *State v. Blake,* (1977) 53 Ohio App.2d 101, 371 N.E.2d 843.

 Our jurisdiction of this appeal died with Dr. Kenner. While the issues here presented were of great private concern to him, they do not present compelling questions the answers to which would effect the public generally.

Appeal dismissed.

MILLER, P.J., concurs.

YOUNG, J., concurs in the result.