The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Lloyd VALDEZ, Defendant–Appellant.

No. 94CA1111.

Colorado Court of Appeals,
Div. A.

Jan. 25, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, and A. William Bonner and Kim L. Montagriff, Assistant Attorneys General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender and Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

■ Defendant, Lloyd Valdez, appealed from the denial of a Crim.P. 35(c) motion to set aside his sentence as an habitual offender. After the appeal had been filed, the defendant died. Citing *People v. Lipira,* 621 P.2d 1389 (Colo.1980), we issued an order to show cause whether additional relief beyond dismissal of the now moot appeal was appropriate in this situation. Having considered the responses from appellant's counsel and the People to the order to show cause, we now dismiss the appeal.

In *Durham v. United States,* 401 U.S. 481, 91 S.Ct. 858, 28 L.Ed.2d 200 (1971), the United States Supreme Court held that death pending direct review of a criminal conviction abates not only the appeal, but all proceedings from inception of the prosecution, including the judgment of conviction. Colorado adopted this rule in *People v. Lipira, supra.* Relying on *Durham* and *Lipira,* defendant's counsel urges us to vacate the judgment of conviction.

However, five years after *Durham,* the Supreme Court dismissed a pending petition for certiorari because the defendant died. In doing so, the Court stated: "To the extent that *Durham v. United States* may be inconsistent with this ruling, *Durham* is overruled." *Dove v. United States,* 423 U.S. 325, 325, 96 S.Ct. 579, 579, 46 L.Ed.2d 531, 532 (1976).

The federal courts following *Dove* have held that it applies only to petitions for cer-

tiorari, and not to appeals of right. *United States v. Schumann*, 861 F.2d 1234 (11th Cir.1988); *United States v. Oberlin*, 718 F.2d 894 (9th Cir.1983); *United States v. Pauline*, 625 F.2d 684 (5th Cir.1980).

Relying on *Dove* and federal precedent, the People assert that the appropriate relief is dismissal of the defendant's appeal. We agree.

Several rationales have been advanced for setting aside a defendant's conviction and dismissing the indictment or information if defendant dies pending an appeal of right, but for reaching a different result if defendant dies pending a petition for certiorari.

First, an appeal is an integral part of our system of adjudicating guilt or innocence and defendants who die before the conclusion of their appellate review have not obtained a final adjudication of guilt or innocence. Ordinarily, the interests of justice require that defendants not stand convicted without resolution of an appeal. *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *United State v. Moehlenkamp*, 557 F.2d 126 (7th Cir.1977).

Secondly, once a defendant dies, the state's interest in protecting society has been satisfied and there is no further interest in punishing the wrongdoer. *State v. Griffin*, 121 Ariz. 538, 592 P.2d 372 (1979). As one court stated: "Death withdrew the defendant from the jurisdiction of the court." *State v. Kriechbaum*, 219 Iowa 457, 465, 258 N.W. 110, 113 (1934).

In summary, while a few states hear and decide direct appeals of dead criminal defendants, and a few dismiss or abate the appeal but let the judgment stand, the federal courts and the majority of state courts hold that when an appeal has been taken from a conviction and death has deprived the accused of his or her right to appellate review, the defendant should not stand convicted without resolution of the appeal. *See State v. Dalman*, 520 N.W.2d 860, 865 (N.D.1994) (Levine, J., concurring opinion).

In contrast to direct appeals, however, Crim.P. 35 motions and petitions for habeas corpus are essentially collateral attacks on convictions. They are filed after a direct appeal has been pursued, and are supplementary or discretionary forms of relief. Even though a defendant may have a right to appellate review of a post-conviction proceeding, *see* Crim.P. 35(c)(3), that right does not alter the nature of the proceeding as supplementary to the direct appeal.

■ Thus, because dismissal of a discretionary review does not deprive the defendant of appellate review of his conviction, we conclude that collateral appeals should be subject to dismissal but not abatement *ab initio* upon the defendant's death. We further conclude that such post-conviction proceedings should be resolved upon the death of the defendant in the same manner as upon a defendant's death pending certiorari review. *See United State v. Moehlenkamp, supra; State v. Dalman, supra.*

Here, the defendant has already pursued unsuccessfully a direct appeal, *People v. Valdez*, 725 P.2d 29 (Colo.App.1986), *affirmed*, 789 P.2d 406 (Colo.1990), and two separate postconviction proceedings. Thus, he has received the full benefit of appellate review of his conviction.

We therefore hold that, because there is no further need to vindicate defendant's rights through more appellate review after his death, and that the interests of justice would not be served, an abatement of the conviction is not warranted.

Accordingly, the sole action that we take is that the appeal challenging the sentence imposed on defendant is dismissed as moot.

PLANK and MARQUEZ, JJ., concur.