**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Larry G. RICKSTREW, Defendant–Appellant.**

**No. 97CA1298.**

Colorado Court of Appeals, Div. A.

June 11, 1998.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, John J. Krause, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Elizabeth Griffin, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge CRISWELL.

In this appeal of a sentence, the issue presented is whether the death of defendant, Larry G. Rickstrew, during the pendency of this appeal requires abatement *ab initio* of his conviction. Because of his death, the People have moved to dismiss this appeal. In addition, the parties have responded to our order to show cause why the underlying conviction should not be set aside. Upon consideration of those responses and the People's motion to dismiss, we discharge the order to show cause and grant the motion to dismiss without abatement of the underlying conviction.

Defendant pled guilty to sexual assault on a child by one in a position of trust in violation of § 18–3–405.3, C.R.S.1997, and aggravated incest of his own child in violation § 18–6–302(1)(a), C.R.S.1997. He was sentenced to two 32–year concurrent terms. He did not contest the propriety of his conviction, but he appealed from the sentence imposed upon him.

After his death, the People moved to dismiss, arguing that there was no reason for this appeal to proceed. In response to the order to show cause, the People argued that, because the validity of the conviction was not challenged on appeal, that conviction should not abate as a consequence of defendant's death. Defendant's counsel, however, argues that the entire proceeding should be abated because further punishment is impossible.

The Colorado appellate courts have not addressed the issue whether, in a direct appeal of a sentence, the underlying conviction abates upon the death of the defendant. However, the resolution of related issues with respect to direct appeals of the conviction itself and with respect to Crim. P. 35 proceedings are instructive.

█ *People v. Lipira*, 621 P.2d 1389 (Colo. App.1980) involved a criminal defendant who died during the pendency of the appeal of his conviction. A division of this court held that, in such cases, there should be no determination of the issues on appeal and that the judgment of conviction should be set aside and the indictment dismissed. The rationale for this conclusion was that, when an appeal has been taken from a conviction and death deprived the accused of his or her right to appellate review, the defendant should not stand convicted.

█ In contrast to direct appeals of a conviction, however, collateral attacks on a judgment, such as a Crim. P. 35(c) motion, are subject to dismissal in the case of a defendant's death, but there is no reason to vacate the conviction. *People v. Valdez*, 911 P.2d 703 (Colo.App.1996).

The reason for this distinction stems from the fundamental difference between a direct appeal of a conviction and the collateral nature of the proceedings for relief under Crim.

P. 35. A defendant who dies prior to the conclusion of a direct appeal of a conviction has not obtained a final adjudication of guilt or innocence; in an appeal from the denial of Crim. P. 35(c) motion, the conviction has become final, and there is no further need to vindicate a defendant's rights. *People v. Valdez, supra.*

If, as here, a defendant's conviction results from a guilty plea, the validity of which is not challenged, the presumption of innocence no longer exists, and there is no question of guilt or innocence remaining to be decided. *See State v. Hoxsie,* 570 N.W.2d 379 (S.D. 1997). In such a circumstance, the procedural posture of this case lends itself not to abatement, but only to dismissal.

Accordingly, we hold that, when a criminal defendant dies during the pendency of an appeal directed only at a sentence entered after a guilty plea, abatement of the underlying conviction is not warranted. *See State v. Hoxsie, supra; see also Commonwealth v. Palmer,* 221 Pa.Super. 439, 292 A.2d 428 (1972).

The order to show cause is discharged, and the appeal is dismissed.

RULAND and ROY, JJ., concur.