2014 CO 48

**The PEOPLE of the State of Colorado, Petitioner,**

v.

**Carey Andre GRIFFIN, Respondent.**

**Supreme Court Case No. 11SC351**

Supreme Court of Colorado.

June 16, 2014

Attorneys for Petitioner: John Suthers, Attorney General, Matthew S. Holman, First Assistant Attorney General, Denver, Colorado.

Attorneys for Respondent: Douglas K. Wilson, Public Defender, Elizabeth H. Porter–Merrill, Denver, Colorado.

JUSTICE MÁRQUEZ, delivered the Opinion of the Court.

¶ 1 We granted the People's petition for writ of certiorari to review the court of appeals' opinion in *People v. Griffin*, —— P.3d ——, ——, 2011 WL 915714, at *1 (Colo.App. Apr. 21, 2011), which vacated Carey Andre Griffin's conviction for failure to register as a sex offender in violation of sections 18–3–412.5(1)(g) and (2), C.R.S. (2006).[1] After we

---

1. We granted certiorari review to address the following issues:

1. Whether physical presence or occupancy is required to establish a residence under the Colorado Sex Offender Registration Act.

granted certiorari review, Griffin died. Griffin's counsel filed a notice of death and moved to dismiss the People's appeal, arguing that the proceedings should abate ab initio. Under the doctrine of abatement ab initio, a defendant's death abates not just the pending appeal but all proceedings in the prosecution "ab initio," or "from the beginning." *See State v. Burrell*, 837 N.W.2d 459, 462–63 (Minn.2013). We issued an order granting the motion to dismiss but later vacated that order to allow the People to respond to the motion. After reviewing the response and reply, we asked the parties for additional briefing to address whether the abatement ab initio doctrine applies under the circumstances of this case and whether this court should nevertheless resolve the issues accepted for certiorari review.[2]

¶ 2 Griffin's counsel argues that the doctrine of abatement ab initio applies here because Griffin died while his case was pending on direct appellate review of his conviction. Thus, Griffin asks us to dismiss the appeal, vacate the judgment of the court of appeals, and remand with directions to return the case to the district court to dismiss the complaint. The People argue that we should resolve the appeal despite Griffin's death because the State has an interest in obtaining resolution of the court of appeals' interpretation of the sex offender registration laws and this issue is likely to evade future review. The People also note that other courts have questioned the continuing validity of the abatement ab initio doctrine in light of other interests, including the rights of crime victims.

¶ 3 Consistent with cases from the United States Supreme Court and other jurisdictions, we decline to apply the doctrine of abatement ab initio to matters pending on certiorari review. In light of Griffin's death, we vacate our order granting the writ of certiorari and dismiss the People's petition, but do not abate the proceedings ab initio.

### Discussion

¶ 4 The doctrine of abatement ab initio is not grounded in the constitution or in statute, but is instead a court-created common law doctrine. *United States v. Estate of Parsons*, 367 F.3d 409, 415 (5th Cir.2004). Under the doctrine, a defendant's death that occurs while his criminal conviction is pending on direct appeal "abates not only the appeal but also all proceedings had in the prosecution from its inception." *Crooker v. United States*, 325 F.2d 318, 320 (8th Cir. 1963) (citing J.C. Vance, Annotation, *Effect, on Proceedings Below, of Death of Defendant Pending Appeal from Criminal Conviction*, 83 A.L.R.2d 864 (1962) (collecting cases)). "[T]he appeal does not just disappear, and the case is not merely dismissed. Instead, everything associated with the case is extinguished, leaving the defendant as if he had never been indicted or convicted." *Estate of Parsons*, 367 F.3d at 413 (internal quotation marks and citation omitted); *see also People v. Daly*, 313 P.3d 571, 573 (Colo.App.2001) ("[A] defendant's death renders the whole proceeding a nullity." (quoting *People v. Lipira*, 621 P.2d 1389, 1390 (Colo.App.1980))).

¶ 5 Courts have articulated two primary rationales for the abatement ab initio doctrine. The first rationale rests on the notion that "an appeal is an integral part of our system of adjudicating guilt or innocence and defendants who die before the conclusion of their appellate review have not obtained a final adjudication of guilt or innocence." *People v. Valdez*, 911 P.2d 703, 704 (Colo. App.1996); *see also Estate of Parsons*, 367 F.3d at 413 ("[T]he state should not label one as guilty until he has exhausted his opportunity to appeal."). In the absence of a final adjudication on appeal, the interests of jus-

---

2. Whether the court of appeals erred in finding that the evidence was insufficient to support the defendant's conviction for the continuing offense of failure to register as a sex offender.

**2.** Specifically, we asked the parties to address the following questions:

   1. Whether the proper resolution of a certiorari review of a conviction reversed on direct appeal is abatement ab initio when the defendant has died during the pendency of such review.

   2. In any event, whether the issues accepted for review in this case are of sufficient public importance and may evade future review such that resolution by the court is warranted despite the defendant's death.

tice require that a defendant not stand convicted. *Valdez*, 911 P.2d at 704.

¶ 6 The second rationale is related to mootness concerns. This rationale assumes that the primary purpose of the criminal justice system is to punish offenders, and that the death of the defendant renders enforcement of the punishment impossible. *Estate of Parsons*, 367 F.3d at 414. Because a state's interests in protecting society have been satisfied, a state no longer has a "substantial interest in attempting to maintain the conviction so the entire criminal proceeding abates from the beginning." *State v. Griffin*, 121 Ariz. 538, 592 P.2d 372, 373 (1979); *see also State v. Kriechbaum*, 219 Iowa 457, 258 N.W. 110, 113 (1934) ("Death withdrew the defendant from the jurisdiction of the court.").

¶ 7 This court first recognized the doctrine over 100 years ago in *Overland Cotton Mill Co. v. People*, 32 Colo. 263, 265, 75 P. 924, 925 (1904). In *Overland*, the criminal defendant died while his direct appeal was pending before this court.[3] *Id.*, 75 P. at 925. We held that the proceedings against the deceased defendant were "abated by operation of law." *Id.*, 75 P. at 925. In applying the doctrine, we concluded that the purpose of enforcing a penal statute is to punish the person found guilty of violating its provisions and that only the person adjudicated guilty (not the representatives of the deceased who are not responsible for his alleged violation) can be punished. *Id.*, 75 P. at 925. Thus, we reasoned, where a defendant dies while his appeal is pending, the court must dismiss the case and abate the proceedings because "a judgment cannot be enforced when the only subject-matter upon which can operate has ceased to exist." *Id.*, 75 P. at 925.

¶ 8 Fifty years later, we briefly addressed the doctrine in *Crowley v. People*, 122 Colo. 466, 468, 223 P.2d 387, 388 (1950). There, the defendant's case originated in a justice of the peace court, and the defendant died after filing a direct appeal in county court. *Id.* at 467, 223 P.2d at 387. His counsel notified the county court of the defendant's death and moved to dismiss the case, but the county court denied the motion. *Id.*, 223 P.2d at 387. Relying on our decision in *Overland*, we concluded that the county court erred in not granting the motion to dismiss, noting that the defendant's death "put an end to an infliction or enforcement of the punishment imposed" by the trial court. *Id.*, 223 P.2d at 388.

¶ 9 Courts generally have limited the applicability of the doctrine to cases pending on direct appeal (i.e., a first appeal as of right), and have not extended the doctrine to cases on certiorari review. For example, in *Dove v. United States*, 423 U.S. 325, 96 S.Ct. 579, 46 L.Ed.2d 531 (1976) (mem.), the United States Supreme Court simply dismissed a pending petition for certiorari review via summary order upon the defendant's death but did not abate the proceedings ab initio. Subsequent federal circuit court decisions have interpreted *Dove* to mean that cases pending on certiorari review are not subject to abatement ab initio. *See United States v. Schumann*, 861 F.2d 1234, 1236 n. 1 (11th Cir.1988) ("Petitions for certiorari do not abate ab initio."); *United States v. Oberlin*, 718 F.2d 894, 896 (9th Cir.1983) ("[T]he death of a criminal defendant pending an appeal of right will abate the prosecution ab initio, although death pending the Supreme Court's discretionary determination on a petition for a writ of certiorari will not.").

¶ 10 The United States Supreme Court has also declined to apply the doctrine in cases where a defendant dies after the appellate court has *granted* certiorari review. On numerous such occasions, the United States Supreme Court has simply dismissed the case without abating the proceedings ab initio. *See, e.g., Mosley v. United States*, 525 U.S. 120, 119 S.Ct. 484, 142 L.Ed.2d 500 (1998) (per curiam) (vacating the order granting the writ of certiorari and dismissing the petition for certiorari); *United States v. Green*, 507 U.S. 545, 113 S.Ct. 1835, 123 L.Ed.2d 260 (1993) (mem.) (same); *Mintzes v. Buchanon*, 471 U.S. 154, 105 S.Ct. 2006, 85 L.Ed.2d 120 (1985) (vacating order granting the writ of certiorari in a habeas proceeding,

3. *Overland* involved a direct appeal from the County Court, City and County of Denver. 32 Colo. at 263, 75 P. at 924.

and dismissing petition for certiorari). In *United States v. Christopher*, 273 F.3d 294, 296 (3d Cir.2001), the Third Circuit acknowledged the Supreme Court's different treatment of cases pending discretionary review:

In most criminal cases, proceedings in the Supreme Court differ from those in the Courts of Appeals in one fundamental respect: appeals to the Courts of Appeals are of right, but writs of certiorari are granted at the discretion of the Supreme Court. The prevailing practice of the Supreme Court to dismiss petitions for certiorari upon the death of the convicted defendant, therefore, does not readily transfer to the Courts of Appeals.

¶ 11 Several state courts have also declined to extend the doctrine to cases in which a defendant dies while the case is pending further discretionary review.[4] *See, e.g., Surland v. State*, 392 Md. 17, 895 A.2d 1034, 1035 (2006) (If the defendant's "death occurs while the case is pending further discretionary review by a higher court, such as on certiorari, the proper course is to dismiss the discretionary appellate proceeding and leave the existing judgment, as affirmed, intact."); *State v. Makaila*, 79 Hawai'i 40, 897 P.2d 967, 972 (1995) ("When a criminal defendant dies pending a discretionary petition to this court, the petition will be dismissed as moot and the conviction will stand.").

¶ 12 This court has never directly addressed in a published opinion whether the doctrine of abatement ab initio applies where a defendant dies while his case is pending on certiorari review. However, at least two opinions of the court of appeals have indicated that it does not. In *Valdez*, the court of appeals declined to apply the doctrine in the post-conviction context, where the defendant died while his case was on appeal from the trial court's denial of his Crim. P. 35(c) motion. 911 P.2d at 704. The court of appeals

noted that federal courts understand the doctrine not to apply if a defendant dies while the case is pending on certiorari review. *Id.* The court of appeals concluded that cases on collateral review should be resolved in the same manner, and that abatement of the conviction was not warranted. *Id.* Accordingly, the sole action the court took was to dismiss the appeal. *Id.* Recently, in *Daly*, the court of appeals again indicated that the doctrine does not apply beyond a defendant's direct appeal as of right. 313 P.3d at 574. Thus, a defendant's conviction should not be abated if he dies "while awaiting a decision on a petition for a writ of certiorari." *Id.*

¶ 13 Although we have summarily ordered that a deceased defendant's convictions be vacated ab initio where the defendant died after we granted certiorari review of his convictions, *see People v. Versteeg*, —— P.3d ——, ——, 2008 WL 2468537, at *1 (Colo. May 6, 2008), we have never formally held that the doctrine applies to cases pending on certiorari review. In other cases in a similar appellate posture, we have simply dismissed the matter in light of the defendant's death. For example, in *People v. Lippoldt*, the defendant appealed his sentence to the court of appeals, alleging a due process violation at sentencing. 902 P.2d 852, 852–53 (Colo.App. 1995), *overruled on other grounds by People v. Abdul*, 935 P.2d 4, 9 (Colo.1997). The court of appeals remanded for resentencing. *Id.* at 853. After we granted the People's petition for certiorari review, but before oral arguments, the defendant died. *People v. Lippoldt*, 915 P.2d 1334, 1334–35 (Colo.1996). We issued a summary order vacating the oral argument, denying the People's motion to retain jurisdiction, and dismissing the appeal. *Id.*

¶ 14 We now hold that, consistent with the practice of the United States Su-

---

4. We recognize that a few state courts have applied the abatement ab initio doctrine where a defendant dies after the court has granted certiorari review. *See, e.g., People v. Mazzone*, 74 Ill.2d 44, 23 Ill.Dec. 76, 383 N.E.2d 947, 950 (1978) (applying the doctrine where the defendant died after his petition had been granted, reasoning that the defendant had been "given a right to present his appeal to [the state supreme] court; thus, the matter [was] closely analogous to [an]

initial appeal[ ] as of right, and the reasons justifying abatement ab initio ... appl[ied] equally"); *see also State v. Hakala*, No. A08–0215, Order (Minn. filed June 2, 2010) (applying doctrine when defendant died after court of appeals reversed his conviction and state supreme court had granted State's petition for certiorari review (cited in *State v. Burrell*, 837 N.W.2d 459, 467–68 (Minn.2013))).

preme Court and the court of appeals' opinions in *Valdez* and *Daly*, the doctrine of abatement ab initio in Colorado does not extend to cases pending on certiorari review. Rather, where the defendant dies after he already has been afforded the protections of a direct appeal as of right, the interests of justice would not be served by abating the conviction. *See Daly*, 313 P.3d at 574.

¶ 15 Here, Griffin died while his case was pending on discretionary certiorari review.[5] Accordingly, we decline to abate the proceedings ab initio. Rather, in light of Griffin's death, we simply vacate our order granting certiorari and dismiss the People's petition for certiorari review. The court of appeals' judgment vacating Griffin's conviction stands undisturbed.

---

5. We note that this case is unusual—unlike nearly all cases in which the abatement ab initio doctrine is discussed, the defendant here was not seeking further discretionary review of his conviction. Assuming that abatement ab initio aims to protect a defendant's opportunity to obtain a final adjudication of guilt or innocence, application of the doctrine would serve no purpose here, given that Griffin won his appeal below and his conviction was vacated.