889 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas McArthur MACKEY, Jr., General, Petitioner-Appellant,
v.
William SEABOLD, Warden; David L. Armstrong, Attorney
General Commonwealth of Kentucky; Hopkins Circuit
Court, Respondents-Appellees.
 No. 89-5040.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1989.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 General Douglas McArthur Mackey, Jr., appeals from the district court's supplemental order dismissing his habeas corpus petition brought pursuant to 28 U.S.C. Sec. 2254. Following a jury trial, Mackey was sentenced to life imprisonment for breaking and entering and habitual criminality.
 
 
 3
 Mackey claimed that his 1971 conviction was invalid because he received ineffective assistance of counsel and was denied his right to appeal.
 
 
 4
 After reviewing the respondent's answer, Mackey's reply, the magistrate's report and recommendation and Mackey's objections, the district court dismissed the petition. Respondent successfully alleged and demonstrated prejudice in his ability to respond to the petition due to Mackey's more than sixteen year delay in bringing the petition and Mackey's failure to demonstrate that he could not reasonably have brought the petition sooner.
 
 
 5
 On appeal, Mackey argues that the district court erred in dismissing his action as a delayed petition. He also raises the same arguments raised in his petition.
 
 
 6
 Upon consideration, we conclude that the district court correctly dismissed this action as a delayed petition. Under Rule 9(a), Rules Governing Habeas Corpus Cases under Sec. 2254, a delayed petition may be denied if (1) it appears that the state has been prejudiced in its ability to respond to the petitioner's claims; and (2) the petitioner has failed to show that the petition "is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred." Rule 9(a) of 28 U.S.C. Sec. 2254. See also Buchanon v. Mintzes, 734 F.2d 274 (6th Cir.1984), cert. dismissed, 471 U.S. 154 (1985).
 
 
 7
 In support of his motion to dismiss, the respondent claimed prejudice in his ability to respond to the petition because the transcript of Mackey's trial is unavailable. No transcript was prepared because Mackey did not appeal his convictions. He also did not appeal the denial of his pro se motion to vacate, set aside, or correct sentence. The court reporter from Mackey's trial died in July 1984; it is now impossible to obtain a transcript.
 
 
 8
 In addition, the second prong of the test under Rule 9(a) has been met. Mackey did not assert that he could not have known of the grounds forming the basis for his petition prior to the reporter's death. In fact, Mackey relied upon the same grounds in this petition as he did in 1971 in his motion pursuant to Ky.R.Crim.P. 11.42. The district court granted Mackey the opportunity to show cause why this petition should not be dismissed as a delayed petition, but Mackey failed to file a response.
 
 
 9
 Thus, Mackey did not establish that his delayed petition should have been reviewed on the merits.
 
 
 10
 For these reasons, the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.