924 F.2d 1058
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard G. HICKS, Petitioner-Appellant,
v.
Dewey SOWDERS, Respondent-Appellee.
 No. 90-5476.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1991.
 
 Before KEITH and KRUPANSKY, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Richard Hicks is a pro se Kentucky prisoner who appeals the denial of a habeas corpus petition that he had filed under 28 U.S.C. Sec. 2254. His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, we conclude that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Hicks is now serving a seventy year sentence, which includes a term of thirty years that he received for armed robbery and storehouse breaking in 1968. In his petition, Hicks alleged that this conviction was constitutionally defective because he was denied his rights to appeal and to effective assistance of counsel when his attorney failed to perfect the appeal of his case. On March 15, 1990, the district court issued a memorandum opinion and an order which denied the petition because twenty years had elapsed since the allegedly unconstitutional conduct that is the basis of Hick's claim. Cf. Rule 9(a) of the Rules Governing Sec. 2254 Cases in the United States District Courts. It is from this judgment that Hicks now appeals. His brief on appeal contains a request for counsel.
 
 
 3
 This court employs a two-part test in determining whether a delayed petition may be denied pursuant to Rule 9(a).
 
 
 4
 First, the state must appear to have been prejudiced in its ability to respond to petitioner's claims. Second, the petitioner must be given the opportunity to meet or rebut the apparent prejudice to the state, or to show that whatever prejudice the state has suffered would not have been avoided had the petition been filed earlier.
 
 
 5
 Buchanon v. Mintzes, 734 F.2d 274, 277 (6th Cir.1984) (quoting Davis v. Adult Parole Auth., 610 F.2d 410, 414 (6th Cir.1979)), cert. dismissed, 471 U.S. 154 (1985).
 
 
 6
 In the instant case, the respondent submitted a certificate, which indicates that the judge who had presided over the 1968 case is now deceased; the affidavit of Hicks's former attorney, which indicates that he does not recall representing Hicks or anything about his appeal; and the affidavit of the administrator of the court where Hicks was tried, which indicates that the identity of the court reporter at his trial can no longer be determined because of the passage of time. The nexus between the unavailability of these witnesses and Hicks's delay in filing the petition is obvious. Thus, the respondent has met his burden of demonstrating prejudice by the delay. Cf. Moore v. Smith, 694 F.2d 115, 118 (6th Cir.1982), cert. denied, 404 U.S. 1044 (1983).
 
 
 7
 The burden then fell to Hicks to show that the respondent was not prejudiced or that the prejudice could not reasonably have been avoided. Id. However, Hicks did not identify any additional evidence which might support his claim, and the existing record does not reveal the reason that Hicks's appeal was not perfected. Thus, given the potential for ambiguity in the state record, it is clear that Hicks has not rebutted the apparent showing of prejudice to the respondent which has resulted from the unavailability of the trial judge, the court reporter and Hicks's former attorney as witnesses regarding his claim.
 
 
 8
 Nevertheless, a petition may not be denied under Rule 9(a) if the petitioner shows that the prejudice was unavoidable. See Davis, 610 F.2d at 414. However, the facts relevant to Hicks's claim were all fully developed by 1970. Moreover, Hicks arguably raised his present claim in a mandamus petition that he filed in 1969 and in a motion to vacate that he filed in 1970. Thus, Hicks has not met his alternative burden of showing that the prejudice to the respondent was unavoidable. Cf. Moore, 698 F.2d at 118; Arnold v. Marshall, 657 F.2d 83, 84-85 (6th Cir.1981) (per curiam), cert. denied, 455 U.S. 922 (1982).
 
 
 9
 Accordingly, Hicks's request for counsel is hereby denied and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.