928 F.2d 1132
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Everett COX, Petitioner-Appellant,
v.
DEPARTMENT OF CORRECTIONS, COMMONWEALTH OF KENTUCKY,
Respondent-Appellee.
 No. 90-6207.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1991.
 
 W.D.Ky., No. 89-00111; Johnstone, C.J.
 W.D.Ky.
 AFFIRMED.
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Michael Everett Cox moves for counsel in this appeal from the district court's summary dismissal of his habeas petition filed pursuant to 28 U.S.C. Sec. 2254. In 1971, Cox pleaded guilty to storehouse and dwelling breaking, operating a motor vehicle without the owner's consent, and burglary. Cox pleaded guilty in 1973 to grand larceny. He was again convicted in 1981 of burglary and receiving stolen property, and both sentences were enhanced by his conviction as a persistent felony offender, based on the 1973 conviction. Cox's total time to serve under the various judgments involved is twenty years.
 
 
 3
 In his habeas petition, Cox challenges his 1971 convictions for storehouse breaking and illegal operation of a motor vehicle. Specifically, he alleged three grounds in support of his petition: (1) that his guilty pleas were invalid because he was not aware of the rights that he waived as a result of his pleading guilty; (2) that the circuit court had no jurisdiction to accept his pleas because he was a juvenile and had not waived the case to circuit court; and (3) ineffective assistance of counsel.
 
 
 4
 The matter was referred to a magistrate who recommended that the petition be dismissed as a delayed petition pursuant to Rule 9(a), Rules Governing Section 2254 Cases. The magistrate found that respondent had established the requisite nexus between the delay in filing, the lack of a trial transcript, and the dimmed memories of defense counsel. The magistrate concluded that respondent had demonstrated that the state had been prejudiced in its ability to respond to the petition. See Buchanon v. Mintzes, 734 F.2d 274 (6th Cir.1984), cert. dismissed, 471 U.S. 154 (1985). The magistrate further found Cox's assertion of "ignorance" of his right to file his petition to be without merit noting that if Cox had exercised reasonable diligence, he would have readily discovered that his habeas petition could have been filed prior to the time in which it was filed. Despite Cox's objections, the district court adopted the magistrate's report and recommendation and entered judgment accordingly.
 
 
 5
 Upon review, we conclude that this action was properly dismissed for the reasons stated in the magistrate's thorough report and recommendation dated August 22, 1990, as adopted by the district court.
 
 
 6
 Accordingly, the motion for counsel is denied. The district court's judgment is hereby affirmed pursuant to rule 9(b)(5), Rules of the Sixth Circuit.