57 F.3d 1070
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Frank Jefferson SNYDER, Petitioner-Appellant,
v.
Henry GRAYSON, Respondent-Appellee.
 No. 94-1815.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1995.
 
 1
 Before: MILBURN and SILER, Circuit Judges, and COOK, Chief District Judge.*
 
 ORDER
 
 2
 Frank Jefferson Snyder, pro se, appeals a district court order and judgment denying his petition for a writ of habeas corpus which he filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 In May of 1976, a Michigan jury convicted Snyder of second degree murder. He was sentenced to life in prison on July 26, 1976. Upon direct appeal, the state courts affirmed his conviction. From 1979 through 1990, Snyder filed several post-conviction motions in state court, which were all denied. In March of 1992, Snyder, pro se, filed this petition for federal habeas relief, based on the argument that the state trial judge relied on prior uncounseled misdemeanor convictions when sentencing Snyder, in violation of his constitutional right to due process. In this federal petition, Snyder also argued that his trial counsel was ineffective for failing to object to the use of those misdemeanor convictions and in not presenting this issue in Snyder's direct appeal.
 
 
 4
 The matter was referred to a magistrate judge, who issued a Report, recommending that judgment on the matter should be reserved pending the Supreme Court's decision in United States v. Nichols, 979 F.2d 402 (6th Cir. 1992), aff'd, 114 S. Ct. 1921 (1994). After the Supreme Court decided Nichols, the district court adopted the Report and denied the petition. However, the district court later vacated this order, after considering Snyder's motion for reconsideration. Rather than relying on the magistrate judge's rationale, the district court, in this second order, provided a different basis for denying the petition. Specifically, the district court concluded that Snyder had not established a prima facie case showing that he lacked counsel in each of the prior misdemeanor conviction proceedings or that he had failed to properly waive his right to counsel at that time. Thus, the district court found that Snyder had failed to establish that his sentence was imposed in violation of the Constitution. In the alternative, the district court found that the respondent had been prejudiced due to Snyder's unreasonable delay in raising the prior conviction issue, so that the petition could be denied under Rule 9(a) of the Rules Governing Section 2254 Cases. On appeal, Snyder repeats his arguments that he presented in district court in support of his habeas petition. Snyder has also filed a motion for the appointment of counsel on appeal.
 
 
 5
 A writ of habeas corpus may be issued to correct a fundamentally unfair trial or proceeding resulting in the unjust confinement of a petitioner. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir. 1993); Williamson v. Parke, 963 F.2d 863, 865 (6th Cir.), cert. denied, 113 S. Ct. 264 (1992). Findings of fact made by the district court in this case are subject to the clearly erroneous standard of review, McCall v. Dutton, 863 F.2d 454, 459 (6th Cir. 1988), cert. denied, 490 U.S. 1020 (1989), and may not be disturbed unless this court, on the entire evidence, is left with a definite and firm conviction that a mistake has been committed. Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573 (1985) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).
 
 
 6
 Upon review, this court concludes that the district court did not err in finding that the state court docket sheets Snyder submitted in support of his petition did not establish that he was uncounseled during the prior misdemeanor conviction hearings, or that he did not waive his right to counsel during those state court proceedings. Federal courts must allow a "presumption of correctness" to prior proceedings, particularly when a petitioner is challenging a prior conviction used to enhance a sentence that he is currently serving. Parke v. Raley, 113 S. Ct. 517, 526-27 (1992); Johnson v. Zerbst, 304 U.S. 458, 468-69 (1938). Further, the district court properly found that the respondent had been prejudiced by Snyder's delay in bringing this issue to the attention of federal courts in a habeas petition. The criteria for dismissal under Rule 9(a) of the Rules Governing Section 2254 Cases have been met in this case, specifically: 1) the state has been prejudiced in its ability to respond to the petitioner's claims; and 2) the petitioner has been given the opportunity to meet or rebut the apparent prejudice to the state, and has not shown that the prejudice the state has suffered would not have been avoided had the petition been filed earlier. Buchanon v. Mintzes, 734 F.2d 274, 277 (6th Cir. 1984), cert. dismissed, 471 U.S. 154 (1985). Lastly, Snyder has failed to prove that he was provided ineffective assistance by his trial counsel for counsel's failure to raise the issues, above, that this court has found meritless. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 7
 Accordingly, Snyder's motion for counsel is denied, and the district court's order denying the petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., United States Chief District Judge for the Eastern District of Michigan, sitting by designation