110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James N. HARRISON, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 96-5530.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1997.
 
 Before: JONES, SUHRHEINRICH, and SILER, Circuit Judges.
 
 ORDER
 
 1
 James N. Harrison, a pro se Kentucky prisoner, appeals a district court order denying his motion for relief from judgment filed pursuant to Fed.R.Civ.P. 60(b)(5) and (6). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In October 1983, a jury convicted Harrison of aiding and abetting felony theft. The Kentucky Court of Appeals affirmed his conviction in 1985, and he began serving his two-year sentence in February 1986. He then unsuccessfully sought post-conviction relief in state court.
 
 
 3
 On March 19, 1990, Harrison filed a petition for a writ of habeas corpus, asserting that he received ineffective assistance of trial counsel. Upon the magistrate judge's recommendation and over Harrison's objections, the district court denied his petition. A panel of this court affirmed, holding that he did not meet the "in custody" requirement of 28 U.S.C. § 2254(a) even though he was serving a consecutive sentence for murder. Harrison then filed his first Fed.R.Civ.P. 60(b) motion, which the district court overruled. A panel of this court affirmed the order in 1992.
 
 
 4
 In 1995, Harrison filed his present Rule 60(b) motion. He argued that the district court should reconsider its original order in light of the Supreme Court's decision in Garlotte v. Fordice, 115 S.Ct. 1948, 1952 (1995) (allowing a state prisoner to seek habeas corpus relief for a fully-served sentence if he is currently serving a consecutive sentence). The magistrate judge recommended denying the motion because Harrison did not establish extraordinary grounds for relief, because the delay between the first petition and the filing of this motion was excessive, and because Garlotte should not be applied retroactively. Alternatively, the magistrate judge recommended dismissing the motion because the respondent would be unduly prejudiced under Rule 9(a), Rules Governing Section 2254 Cases. Upon de novo review and over Harrison's objections, the district court adopted the magistrate judge's report and denied the motion. The district court also issued a certificate of probable cause.
 
 
 5
 Harrison has filed a timely appeal and thus brings his case before a panel of this court for the third time. In challenging the district court's holding, he argues that he is entitled to Rule 60(b) relief, that he proved his counsel was ineffective, that Garlotte is retroactive, and that Rule 9(a), Rules Governing Section 2254 Cases, does not bar his motion. He also requests appointment of counsel.
 
 
 6
 Upon review, we conclude that the district court's judgment should be affirmed on the alternate ground that the respondent would be unduly prejudiced by the lapse of time since Harrison's conviction. See Rule 9(a), Rules Governing Section 2254 Cases (codifying the equitable doctrine of laches); Buchanon v. Mintzes, 734 F.2d 274, 277 (6th Cir.1984), cert. dismissed, 471 U.S. 154 (1985). His trial counsel is deceased, and he delayed nearly six and one-half years before bringing his original petition. Under Rule 9(a), a delay of more than five years creates a presumption of prejudice. See Rule 9(a), Rules Governing Section 2254 Cases, advisory committee notes. Because Harrison had until February 1988 to bring his claim, he cannot rebut the presumption of prejudice as he clearly could have brought his claim at an earlier opportunity. See Buchanon, 734 F.2d at 277.
 
 
 7
 Harrison's remaining arguments on appeal are without merit. It is not necessary to analyze his claim under Rule 60(b), as this court now considers Rule 60(b) motions in habeas cases to be equivalent to subsequent petitions. See McQueen v. Scroggy, 99 F.3d 1302, 1335 (6th Cir.1996). Likewise, it is not necessary to determine whether Garlotte is retroactive, because Harrison delayed too long in bringing his original petition.
 
 
 8
 Accordingly, Harrison's request for counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.