**Henry TOWNS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 98–3727.

United States Court of Appeals, Sixth Circuit.

Filed: Aug. 26, 1999.

Henry Towns (briefed), U.S. Penitentiary, Lewisburg, PA, pro, se.

William J. Edwards (briefed), Asst. U.S. Attorney, Office of the U.S. Attorney, Cleveland OH, for Appellee.

**469**

Before: SILER and GILMAN, Circuit Judges; GRAHAM, District Judge.*

**ORDER**

Henry Towns, proceeding pro se, appeals a district court judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1980, a jury convicted Towns of three counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and 2. The district court sentenced him to forty-nine years of imprisonment. A panel of this court affirmed Towns's convictions and sentence on appeal. *See United States v. Towns*, 709 F.2d 1511, (6th Cir.1983). In his motion to vacate, Towns argued that: 1) his counsel rendered ineffective assistance; and 2) the prosecutor engaged in misconduct. The government filed a response to the motion, arguing that Towns's motion should be dismissed as a "delayed" motion, and that his grounds for relief lacked merit. Upon review, the district court sua sponte dismissed Towns's motion as filed beyond the applicable one-year statute of limitations found in § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996) (AEDPA).

Towns has filed a timely appeal, arguing that the motion should be considered timely because he was prevented from filing the motion due to a prison lockdown.

Upon review, we affirm the district court's judgment denying Towns's motion to vacate his sentence for reasons other than those stated by the district court. *See City Management Corp. v. United States Chem. Co.*, 43 F.3d 244, 251 (6th Cir.1994). In reviewing the denial of a

§ 2255 motion, we uphold the factual findings of the district court unless they are clearly erroneous and review de novo the district court's conclusions of law. *See Hilliard v. United States*, 157 F.3d 444, 447 (6th Cir.1998).

[1, 2] While Towns's motion was not filed until April 29, 1997, five days after the expiration of the one-year grace period, *see United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 846, 142 L.Ed.2d 700 (1999); *Burns v. Morton*, 134 F.3d 109, 111–12 (3d Cir.1998), the prison mailroom filing rule of *Houston v. Lack*, 487 U.S. 266, 270–72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), applies to render Towns's motion to vacate his sentence as timely filed. In *Houston*, the Supreme Court held that a prisoner's notice of appeal will be deemed timely filed if it is delivered to the proper prison authorities for forwarding to the district court within the time allotted for an appeal. At least three circuits have extended the rule of *Houston* either to all prisoner mailroom filings in general or to objections to magistrate judges' reports. *See Thompson v. Rasberry*, 993 F.2d 513, 515 (5th Cir.1993) (per curiam) (objections); *Faile v. Upjohn Co.*, 988 F.2d 985, 988 (9th Cir.1993) (all filings); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir.1989), *cert. denied*, 493 U.S. 1059, 110 S.Ct. 871, 107 L.Ed.2d 954 (1990) (objections). Although Towns's motion does not contain a certificate of service, he signed the motion under the penalty of perjury on April 23, 1997. This indicates that he delivered the motion to prison mailroom personnel before the April 24, 1997, deadline. Hence, the motion was timely.

■ Nonetheless, we affirm the district court's judgment denying Towns's motion to vacate his sentence because Towns filed a "delayed" motion. A "delayed" motion to vacate sentence may be dismissed upon

---
* The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation.

consideration of the following two criteria: 1) the government must appear to have been prejudiced in its ability to respond to the movant's claims; and 2) the movant must be given the opportunity to meet or rebut the apparent prejudice to the government, or to show that whatever prejudice the government has suffered would not have been avoided had the motion been filed earlier. *Cf. Buchanon v. Mintzes,* 734 F.2d 274, 277 (6th Cir.1984) (applying Rule 9(a) of the Rules Governing § 2254 Cases to a delayed petition for habeas corpus relief), *cert. dismissed,* 471 U.S. 154, 105 S.Ct. 2006, 85 L.Ed.2d 120 (1985).

■ A review of the record reflects that the government has been prejudiced in its ability to respond to Towns's motion. It is undisputed that Towns filed this motion seventeen years after his conviction. Because of the length of this delay, the government has been prejudiced as the record is no longer intact. The record in this case, including the transcripts of Towns's trial, were destroyed on July 20, 1987. Because the transcript is no longer available, the government cannot properly respond to Towns's argument that the prosecutor knowingly used perjured testimony during the trial. Further, Towns had ample opportunity to rebut the government's showing of prejudice in his reply to the government's answer to his motion, but failed to do so. He also has not shown that the prejudice was unavoidable. He argued that he had no control over when he would receive documents from the Federal Bureau of Investigation (FBI) which allegedly support his claim that the prosecutor was aware that Beck and Gardner had perjured themselves during his trial. However, he did not allege that he was unaware of his prosecutorial misconduct claim prior to receiving the FBI documents. By all indications, it appears that Towns could have filed his motion to vacate prior to July 1987, before the transcripts were destroyed.

Moreover, even if Towns's grounds for relief could properly be considered, Towns cannot establish that counsel's performance prejudiced his defense. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, this court concluded on direct appeal that Towns was not entitled to severance. Second, counsel was not responsible for Towns's inability to review his presentence investigation report (PSI). Towns does not dispute that, according to the rule in effect at the time he was being sentenced, all parties were required to review the original PSI at the probation office. Copies of the PSI were not automatically made available to the parties or counsel prior to the 1983 amendments to Fed.R.Crim.P. 32(a)(1) and (c)(3), which provided for disclosure of the report to the defendant and counsel without a need to request the report. *See* Advisory Committee Notes to 1983 Amendments to Fed.R.Crim.P. 32 (prior to amendments, 42 of 92 probation offices did not even advise defendant or counsel of the availability of the PSI). Towns was incarcerated at the time of sentencing and could not get to the probation office to review his PSI. Counsel's performance did not prejudice Towns's defense.

Towns also did not establish that the prosecutor knowingly used perjured testimony. *See Donnelly v. DeChristoforo,* 416 U.S. 637, 644–45, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *Serra v. Michigan Dep't of Corrections,* 4 F.3d 1348, 1354–55 (6th Cir. 1993), *cert. denied,* 510 U.S. 1201, 114 S.Ct. 1317, 127 L.Ed.2d 666 (1994). Towns has not shown that his co-defendants' testimony was false or that the prosecutor knew that their testimony was false. *See United States v. O'Dell,* 805 F.2d 637, 641 (6th Cir.1986), *cert. denied,* 484 U.S. 859, 108 S.Ct. 170, 98 L.Ed.2d 124 (1987). The FBI documents which Towns relied on simply do not establish that his co-defendants lied when they testified at trial that they had not discussed the case with each other while they were incarcerated together. Towns simply did not provide any documentary support for his allegation that his

co-defendants perjured themselves during trial.

Accordingly, we affirm the district court's judgment for reasons other than those stated by the district court. Rule 34(j)(2)(C), Rules of the Sixth Circuit.