UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-7005

JAMES EDWARD JOHNSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-97-137, CA-99-160-5-BR)

Submitted: November 9, 1999

Decided: January 19, 2000

Before WIDENER and KING, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

James Edward Johnson, Appellant Pro Se. John Eric Evenson, II,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

James Edward Johnson seeks to appeal the district court's order denying his motion filed under 28 U.S.C.A. § 2255 (West Supp. 1999). Upon its initial review of the merits of Johnson's § 2255 motion, the district court summarily dismissed the motion because it was clear that Johnson was entitled to no relief. We deny a certificate of appealability and dismiss the appeal because Johnson's § 2255 motion was filed beyond the one year statute of limitations. See McMahan v. International Ass'n of Bridge, Structural & Ornamental Iron Workers, 964 F.2d 1462, 1467 (4th Cir. 1992) (an appellate court may "affirm a judgment for any reason appearing on the record, not-withstanding that the reason was not addressed below").

A movant has one year from the date on which the judgment of conviction becomes final to file a motion under§ 2255. Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal. See Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) (citing Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999)). Here, Johnson did not file a direct appeal from the criminal judgment entered on February 13, 1998. Giving Johnson the benefit of the ten-day appeal period, his conviction became final on February 23, 1998. Thus, Johnson had until February 23, 1999, to file the § 2255 motion. Because the earliest his § 2255 motion could be considered filed is March 3, 1999, it was filed beyond the one year statute of limita-tions.* See Houston v. Lack, 487 U.S. 266 (1988) (prisoner's notice of appeal considered filed when delivered to prison authorities for mailing); Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999) (extending the rule in Houston to § 2255 motions).

_____

*Johnson wrote on his § 2255 motion that "2255 was submitted in mail certified 2-8-99." However, Johnson signed the verified motion on March 3, 1999. This date is consistent with the fact that the motion was mailed five days later. Clearly, Johnson could not have given the motion to prison officials on February 8 and then signed the motion almost a month later.

2

Because Johnson's § 2255 motion was filed beyond the one-year limitations period, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

3