Thomas C. THOMPSON, Petitioner–Appellant,

v.

Larry CHANDLER, Warden, Respondent–Appellee.

No. 00–6384.

United States Court of Appeals, Sixth Circuit.

March 6, 2002.

Before MOORE and COLE, Circuit Judges; TARNOW, District Judge.*

Thomas C. Thompson appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, Thompson pleaded guilty to first-degree manslaughter and assault under extreme emotional disturbance, and the trial court sentenced him to eighteen years of imprisonment. In 1999, Thompson filed his § 2254 petition, alleging that: 1) his counsel rendered ineffective assistance; 2) his plea agreement was coerced; 3) his guilty plea was not made knowingly and voluntarily; and 4) the trial court improperly sentenced him. The magistrate judge recommended dismissing the petition because it was barred by the statute of limitations set forth in 28 U.S.C. § 2244(d). After concluding that no objections had been filed to the magistrate judge's report, the district court dismissed Thompson's § 2254 petition. However, the court did grant Thompson a certificate of appealability to challenge the dismissal based on the statute of limitations.

■ We initially note that the district court incorrectly concluded that no objections were filed to the magistrate judge's report. The report was filed and mailed on September 5, 2000, and it noted that timely objections must be filed within ten days. Under Fed.R.Civ.P. 6(a), the intermediate weekend days must be excluded when computing this time period because the prescribed period is less than eleven days. Additionally, under Fed.R.Civ.P. 6(e), three days must be added to the ten-day time period because Thompson was served the magistrate judge's report by mail. When these computations are made to the applicable time period, Thompson had until September 22, 2000, to file his objections. The record reveals that Dunn mailed his objections on September 19, and the court received the document on September 25. Under the "mailbox rule," Thompson's objections are deemed filed on

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

the date he placed them in the prison mailbox. *Towns v. United States*, 190 F.3d 468, 469 (6th Cir.1999). Therefore, his objections are deemed filed on September 19, 2000, well before the deadline.

■ The district court improperly failed to consider Thompson's objections to the magistrate judge's report. Any dispositive report and recommendation by a magistrate judge is subject to de novo review by the district court in light of specific objections filed by any party. *See* Fed.R.Civ.P. 72(b); *United States Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1088 (6th Cir.1992). This circuit does not apply a harmless error analysis to a district court's failure to give the report and recommendation the required de novo review; rather, the review is constitutionally and jurisdictionally mandated under Article III of the Constitution. *See Massey v. City of Ferndale*, 7 F.3d 506, 510–11 (6th Cir. 1993); *Flournoy v. Marshall*, 842 F.2d 875, 878–79 (6th Cir.1988). In this case, the district court entered its order adopting the magistrate judge's report on September 21, 2000, before it had received Thompson's timely objections and, indeed, even before the applicable deadline had expired. Therefore, the court never considered the magistrate judge's report in light of the specific objections filed by Thompson. Consequently, this case must be remanded for the district court to consider Thompson's objections.

Upon remand, the district court may wish to consider a state court motion filed by Thompson and its impact on the statute of limitations. The trial court's opinion denying Thompson's Ky. R.Crim. P. 11.42 motion indicates that it had denied Thompson's previous motion to withdraw his guilty plea on November 1, 1997, shortly before he filed his Rule 11.42 motion. The current record does not reflect when this motion was filed. However, if Thompson

had "properly filed" a motion to withdraw his guilty plea, 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 8–10, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), it may serve to toll the statute of limitations period.

Accordingly, this court vacates the district court's judgment and remands the case for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.