**Derrick A. BRADFORD, Petitioner–Appellant,**

v.

**Alan LAZAROFF, Respondent–Appellee.**

No. 01–3648.

United States Court of Appeals, Sixth Circuit.

June 14, 2002.

Before MARTIN, Chief Circuit Judge; KEITH and KENNEDY, Circuit Judges.

Derrick A. Bradford, a pro se Ohio prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

At a bench trial in 1993, Bradford was convicted of aggravated drug trafficking and possession of criminal tools. He was sentenced to an aggregate term of fifteen years to life in prison. The Ohio Court of Appeals affirmed his convictions on direct appeal on July 27, 1994, and the Ohio Supreme Court dismissed his appeal as not involving any substantial question on December 28, 1994.

On August 19, 1996, Bradford filed a petition to vacate conviction in the trial court, asserting, inter alia, that trial counsel rendered ineffective assistance by failing to advise him of the consequences of signing the jury waiver form. The trial court denied relief, but the Ohio Court of Appeals vacated the decision in part. After holding an evidentiary hearing on whether trial counsel had properly explained the jury trial waiver to Bradford, the trial court again denied relief. The Ohio Court of Appeals affirmed the decision on August 11, 1999, and the Ohio Supreme Court dismissed the appeal on November 24, 1999.

On December 21, 1999, Bradford filed a state habeas corpus petition in the Ohio Court of Appeals, asserting that the trial court lacked jurisdiction to convict him because it violated Ohio Rev.Code § 2945.05 and did not "execute a jury trial waiver on the record in open court." The appellate court dismissed the petition as procedurally barred because Bradford had not raised the claim on direct appeal, and the Ohio Supreme Court affirmed the decision on September 20, 2000.

In his federal habeas corpus petition deemed to be filed October 19, 2000, Bradford raised two grounds for relief:

1) Petitioner was denied due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution through trial counsel's ineffectiveness by failing to protect the defendant's right to waive jury trial, the waiver of jury trial was not in compliance with the mandates of R.C. 2945.05 therefore, the trial court lacked jurisdiction to try the defendant in violation of the Fifth and Sixth and Fourteenth Amendments to the United States Constitution and Ohio Revised Code Section 2945.05;

2) A prisoner is unlawfully held when, before trial by magistrate, the trial court fails to properly execute a jury trial waiver on the record in open court, and therefore, is without jurisdiction to conduct a bench trial in violation of the petitioner's constitutional right to trial by a jury and Ohio Revised Code Section 2945.05.

[Sic]. The state filed a motion to dismiss, arguing that Bradford's petition was filed outside of the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). A magistrate judge recommended denying the motion. Upon consideration of the state's objections, the district court rejected the magistrate judge's recommendation, granted the state's motion, and denied Bradford's petition.

This court granted a certificate of appealability as to the issue of timeliness.

■ Initially, we construe Bradford's habeas corpus petition as filed on October 19, 2000, under the prison mailbox filing rule of *Houston v. Lack*, 487 U.S. 266, 270–72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), because it was signed on that date under penalty of perjury. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999).

In habeas corpus actions, this court reviews a district court's legal conclusions de novo and its factual findings for clear error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999).

Upon review, we conclude that the petition was timely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), as codified at 28 U.S.C. § 2244(d), provides for a one-year statute of limitations for habeas corpus claims. The limitations period runs from the later of the conclusion of direct review or from AEDPA's enactment on April 24, 1996, and is tolled while a properly filed state post-conviction proceeding is pending. *Isham v. Randle*, 226 F.3d 691, 693 (6th Cir.2000). However, "any lapse of time before a state application is properly filed will be counted against the one-year limitations period," *Bennett v. Artuz*, 199 F.3d 116, 122 (2d Cir.1999), *aff'd*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), and the post-conviction petition must raise at least one federally cognizable claim which is then raised in the federal habeas corpus petition. *Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir.1999). Provided that the state post-conviction petition is properly filed, the petition will toll the limitations period despite containing procedurally defaulted claims. *Artuz*, 531 U.S. at 8–11, 121 S.Ct. 361.

The statute of limitations had run for 115 days, i.e., from April 24, 1996, to August 19, 1996, when Bradford filed his first collateral state court action. The state does not contest that Bradford's "petition to vacate conviction" was properly filed or that the petition raised a federally cognizable claim. Hence, the petition tolled the statute of limitations, with 250 days remaining, until state proceedings concerning the petition concluded on November 24, 1999.

■ The statute of limitations then ran for another 27 days before Bradford filed his state habeas corpus petition on December 21, 1999. The state argues that the state habeas corpus petition did not toll the statute of limitations because the petition merely raised a state law challenge to the jury waiver, rather than a federally cognizable claim.

We conclude that Bradford's challenge to the jury waiver is a federally cognizable claim. In his state habeas corpus petition, Bradford asserted that the trial court lacked jurisdiction to convict him because it violated Ohio Rev.Code § 2945.05 by not executing a jury trial waiver on the record in open court. In *Lott v. Coyle*, 261 F.3d 594 (6th Cir.2001), an opinion post-dating the district court's judgment in the instant action, this court considered a similar § 2945.05 claim brought by an Ohio prisoner in a habeas corpus action and stated:

> Lott's jurisdiction claim, although predicated on state law, directly implicates the federal question of whether Lott's trial, in the absence of a jury, violated his Sixth Amendment right to a jury trial and his Fourteenth Amendment right to due process. While a claim based solely on an error of state law is not remediable on a petition for habeas corpus relief, where "a state court's error in interpreting or applying its own law has rendered the trial that convicted the appellant so fundamentally unfair as to have deprived appellant of substantive due process in violation of the U.S. Constitution," we may properly provide habeas relief. *Norris v. Schotten*, 146 F.3d 314, 329 (6th Cir.1998).

261 F.3d at 606 n. 6. Bradford's claim is likewise cognizable and his state habeas corpus petition tolled the running of the statute of limitations, even though the Ohio Court of Appeals rejected the claim as procedurally defaulted. *See Artuz,* 531 U.S. at 8–11, 121 S.Ct. 361.

The statute of limitations began running again after the Ohio Supreme Court affirmed the appellate court's decision on September 20, 2000. Bradford had 213 days from this date to file his habeas corpus petition. Thus, Bradford's federal habeas corpus petition, which was filed on October 19, 2000, just 29 days after the Ohio Supreme Court's decision, was timely.

Accordingly, the district court's judgment is vacated and the action remanded for consideration of the habeas corpus petition on the merits. Rule 34(j)(2)(C), Rules of the Sixth Circuit.