**James WAMPLER, Petitioner–Appellant,**

v.

**David MILLS, Warden, Respondent–Appellee.**

**No. 02–5447.**

United States Court of Appeals,
Sixth Circuit.

April 2, 2003.

Before BOGGS, SUHRHEINRICH, and SILER, Circuit Judges.

*ORDER*

James Wampler, a Tennessee prisoner proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1989, Wampler was convicted of first degree murder and robbery by a deadly weapon. The trial court imposed a sentence of life plus ninety-nine years. Wampler unsuccessfully sought relief on direct appeal of his convictions in both tiers of state appellate courts, with the Tennessee Supreme Court denying his application for permission to appeal on February 24, 1992.

According to the § 2254 petition, a state post-conviction petition was filed in the Knox County Criminal Court and subsequently denied. No relief was granted in the state court and Wampler's application for permission to appeal in the Tennessee Supreme Court was denied on March 6, 2000.

In his federal habeas corpus petition, signed under penalty of perjury on February 28, 2001 but filed on March 13, 2001, Wampler raised four grounds for relief: 1) ineffective assistance of trial counsel; 2) insufficient evidence to support the convictions; 3) ineffective assistance of appellate counsel; and 4) unconstitutional jury instructions. The state filed a motion for summary judgment, arguing that the claims raised in the petition were adjudicated in the state courts and the resulting decision was not contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court and was not based on an unreasonable determination of the facts in light of the evidence presented in the state courts. The respondent also maintained that summary judgment should issue with respect to certain claims because the claims have been procedurally defaulted or because they have been insufficiently pleaded in compliance with Rule 2(c) of the Rules Governing Section 2254 Cases. The district court agreed that the respondent was entitled to summary judgment; however, the court held that summary judgment was appropriate because the habeas petition was untimely under 28 U.S.C. § 2244. The district court thereafter declined to issue a certificate of appealability. This court issued a certificate of appealability that was limited to the following issue: whether Wampler's habeas petition was filed within the limitations period set forth in 28 U.S.C. § 2244(d). A certifi-

cate of appealability was not granted on any other issue.

The denial of Wampler's § 2254 petition is reviewed de novo on appeal. *See Seymour v. Walker,* 224 F.3d 542, 549 (6th Cir.2000), *cert. denied,* 532 U.S. 989, 121 S.Ct. 1643, 149 L.Ed.2d 502 (2001). However, the district court's factual findings must be affirmed if they are not clearly erroneous. *See id.*

Upon review, we conclude that Wampler's § 2254 petition was timely filed within the one-year limitations period that was established by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). Because his sentence became final before the AEDPA took effect, Wampler was allowed a one-year grace period in which to file a federal habeas corpus petition under § 2254. *See Isham v. Randle,* 226 F.3d 691, 693 (6th Cir.2000), *cert. denied,* 531 U.S. 1201, 121 S.Ct. 1211, 149 L.Ed.2d 124 (2001). The grace period ended on April 24, 1997, long before Wampler's § 2254 petition was filed. However, it appears that the limitations period was tolled by a post-conviction petition that Wampler filed in the Knox County Criminal Court. *See* 28 U.S.C. § 2244(d)(2). Because there was nothing in the record to show the date the post-conviction petition was filed in the state trial court, the district court assumed, without actually finding, that it was filed on April 24, 1996, the date the AEDPA was enacted. The trial court's denial of this motion was affirmed, and the state supreme court declined further review on March 6, 2000. At this point, Wampler's post-conviction petition was no longer pending in the state courts. Thus, the statute of limitations began to run again on March 6, 2000, when the state's highest court denied permission to appeal the post-conviction case. The statute of limitations would have expired on March 6, 2001.

Wampler's habeas petition, signed under penalty of perjury on February 28, 2001, was filed in the district court on March 13, 2001.

Under the rule announced in *Houston v. Lack*, 487 U.S. 266, 270–72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), the filing date for a prisoner's document is the actual date on which the prisoner submits his papers to prison authorities for mailing. *See, e.g., Burns v. Morton*, 134 F.3d 109, 112–13 (3d Cir.1998). Submission to prison authorities may be evidenced by a certificate of service or by signing a motion under penalty of perjury. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir.1999). As Wampler signed the habeas petition on February 28, 2001, and under penalty of perjury, the date indicates that Wampler relinquished control of the habeas petition to prison authorities on that date. Applying *Houston* and *Towns*, Wampler filed his habeas petition within the applicable limitations period. Therefore, his habeas petition is timely.

Accordingly, the district court's order is vacated and the case is remanded for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.